STATE, ANDREW McMANUS, PROSECUTOR, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEWARK.

STATE, BENJAMIN R. STAINSBY, PROSECUTOR, v. SAME.

The change of members of the police force from detectives to patrolmen is not within the terms of the acts restraining the right of removal from office or employment in the police department.

---

On *certiorari.*

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the prosecutors, *J. Frank Fort.*

For the defendants, *Joseph Coult.*

The opinion of the court was delivered by

SCUDDER, J. The prosecutor in each of these cases was appointed patrolman in the police force of the city of Newark

prior to February, 1885, when the whole force was re-organized. They were detailed to act as detective officers before the re-organization, and have continued to act as such since. When the commissioners took control of the police department, February 4th, 1886, these prosecutors were still acting as detectives, and continued so to act until April 17th, 1886, when other detective officers were appointed by the commissioners, and these prosecutors were assigned to duty as patrolmen. No other or extra compensation was fixed for or paid to officers assigned to detective duty until after the commissioners assumed control of the force, when an additional or increased sum was paid until assigned to patrol duty, and since then they have been paid as patrolmen and acted as such. They are still on the force. The change was made by the commissioners without prior notice, cause assigned therefor, or hearing. Section 1 of the act of March 25th, 1885 (*Pamph. L., p.* 163), restrains the right of removal from office or employment in the police department, and section 8 of the act of May 2d, 1885 (*Pamph. L., p.* 326), gives the commissioners the power and right to suspend and to expel or discharge, provided good cause shall be shown for such suspension, expulsion or discharge after an investigation by such board. As these prosecutors have not been removed, suspended, expelled or discharged from the police force by the commissioners, they are not within the terms of either of these statutes. The regulation of the force by assignment of its members to particular duties, according to the requirements of the service and the special fitness of the individual members for these duties, must certainly be left to the discretion of the board, if they are to have any control or any liberty to act for the promotion of the efficiency of their department. If every change made by them is to be regarded as a degradation or an elevation, and if questions of precedence and preference among the members of the police force are to be settled by hearing on evidence and argument, there can be no proper subordination, no selection, or preference for skill or aptitude for special service. The hindrance and restraint

on the commissioners would defeat, rather than promote, the efficiency of the police force, which is the main purpose of the law invoked and all other laws on the subject. There is no reason in this objection.

The other causes assigned are considered and decided in the case of Ayers v. Newark, at the present term.

The writ will be dismissed, with costs.