## STATE EX REL. JOHN D. HIGGINS v. NELS W. ELSBERG, AS CITY ENGINEER OF MINNEAPOLIS.[1]

November 23, 1923.

No. 23,547.

**Discharge of employe within classified service of city of Minneapolis.**

1. Under the charter of the city of Minneapolis, the power to discharge an employe who has been within the classified service for more than 6 months, is taken from the appointing officer or board and vested in the civil service commission.

**Suspension of such employe.**

2. Under the charter of the city of Minneapolis, the right to suspend an employe within the classified service, for the purpose of discipline, remains with the heads of departments.

**Right of suspension unaffected by rule of civil service commission.**

3. The right of suspension given to the heads of departments by the city charter, cannot be cut off by a rule of the civil service commission.

Upon the relation of John D. Higgins the district court for Hennepin county granted its alternative writ of mandamus directed to the city engineer of the city of Minneapolis, commanding him to place relator's name upon the payroll for the period from October 7, 1922, to January 5, 1923, inclusive. The case was tried before Dickinson, J., who ordered that relator be reinstated and was entitled to compensation from January 6, 1923, and in all other respects granted defendant's motion to quash and his objection to the evidence. From that part of the judgment refusing relator pay for the time from October to January and granting defendant's motion to quash and objection to the evidence, relator appealed. Affirmed.

*LeRoy Bowen*, for relator.

*C. F. E. Peterson*, as amicus curiae, filed a brief on behalf of Civil Service Commission.

*Neil M. Cronin* and *R. S. Wiggin*, for respondent.

[1]Reported in 195 N. W. 902.

QUINN, J.

For several years prior to October 7, 1922, John D. Higgins was in the employ of the city of Minneapolis as an operating engineer at the crematory and lighting plant. On that day the city council passed a resolution requesting the city engineer to suspend Higgins for 90 days without pay, because of inefficiency and incompetency, to take effect at once. The city engineer immediately notified him of the action of the council and thereafter refused to allow him, during such period, to work. Upon receipt of such notice Higgins demanded a hearing before the civil service commission, which was granted him. A hearing was had and testimony was taken. On December 14, 1922, the commission made and filed an order finding the charges not true, and directing that the employe's name be placed upon the payroll for full time from October 7, and that he be reinstated. The engineer refused to comply with such order.

After the expiration of the 90 days, Higgins brought this action to procure a writ of mandamus directing the engineer to place his name upon the payroll for the period from October 7, 1922, to and including January 5, 1923, and reinstating him in his former position. The engineer appeared and answered, setting forth the action of the council, admitting the hearing had before the commission and the making of its order which had not been complied with, and alleging that the suspension was for purposes of discipline only. When the case was called for trial in the district court, the defendant moved that the writ be quashed and objected to the reception of any testimony upon the ground that the petition failed to state a cause of action. The motion was granted, but, by stipulation of the parties and consent of the court, the petition and writ were amended, allowing the relator to ask that his name be placed upon the payroll as of January 7, 1923, and that he be reinstated in his former position of operating engineer.

Based upon the pleadings and proceedings had at the trial, the court made and filed an order directing the reinstatement of the relator as of January 7, 1923, quashed the alternative writ and sustained the objections to the evidence offered. Judgment was entered pursuant to the order. The appeal is from that part of the

judgment granting the motion to quash the writ and sustaining the defendant's objection to the reception of evidence, and refusing to order the city engineer to place relator's name upon the payroll for full time from October 7, 1922.

The power to discharge an employe who has been within the classified service for more than 6 months, is taken away from the appointing officer or board by section 11 of chapter 19 of the charter and vested in the civil service commission, but the right to suspend an employe, for the purpose of discipline, is not taken from the department head nor may this right of suspension be in any way affected by the rules of the commission.

Section 11 provides as follows, "No officer or employee after six months continuous employment, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before said Civil Service Commission or by or before some officer or board appointed by said commission to conduct such investigation. The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer, and shall be forthwith enforced by such officer. *Nothing in this chapter shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding ninety days, for purposes of discipline.* In the course of an investigation of charges, each member of the commission and of any board so appointed by it or any officer so appointed shall have the power to administer oaths and shall have power to secure, by its subpoena, both the attendance and testimony of witnesses and the production of books and papers relevant to such investigation."

We search in vain for any provision in the charter, authorizing the civil service commission to investigate any charges or suspensions made for the purpose of discipline. The charter makes it the duty of the commission to investigate all charges for the removal or discharge of an employe, but not in case of suspension by the head of a department for the purpose of discipline. The resolution passed by the council on September 29, 1922, was as follows: "That J. E. Higgins be immediately discharged as engineer at the crematory

plant, and that the city engineer appoint a suitable man to take charge of the plant." On October 6, 1922, that resolution was amended by the city council so as to read as follows: That "the city engineer be requested to suspend Mr. J. E. Higgins, superintendent of the crematory plant, for 90 days without pay, suspension to take effect Saturday, October 7, 1922, at 2:00 o'clock p. m., for inefficiency and incompetency." Thereupon the city engineer, who was the head of the crematory department, notified relator, as well as the civil service commission, of the action of the council, and refused to permit relator to enter the plant or to do any work therein during the period of 90 days from October 7, 1922.

It is earnestly urged on behalf of the relator that the acts of the council and of the city engineer constituted a discharge in form as well as in fact; that it was so intended and therefore the commission had jurisdiction over the matter; and that its order should have been given effect. While the resolution of September 29 was in the form of a discharge and the relator was not allowed to return to his position after the lapse of the 90-day period, yet the charge, as finally acted upon, as well as the notice to quit, was in the form of a suspension and will not bear the construction of a discharge. While it is true that all parties to the turmoil participated in the hearing before the commission, yet it cannot be that such proceeding amounted to a litigation and determination of the matters involved, as that tribunal had no jurisdiction in the premises. It is certain that the rules of the civil service commission can in no manner abridge the right of the heads of the departments to suspend employes for the purpose of discipline.

Affirmed.