**Gilbert T. MILLER, Plaintiff in Error,**

v.

**CITY OF TULSA, Oklahoma, a Municipal Corporation, James L. Maxwell, Mayor; Joe McGuire, Chief of Police; The Civil Service Commission of The City of Tulsa, Oklahoma; Mrs. Stanley G. Elder, Chairman; John Curran, Member; Roy Alcott, Member; Ira Pilcher, Member; R. F. Henshaw, Member; Darven L. Brown, as City Attorney, Defendants in Error.**

No. 38646.

Supreme Court of Oklahoma.

June 28, 1960.

Hobart Brown, Tulsa, for plaintiff in error.

Charles E. Norman, City Atty., Darven L. Brown, Asst. City Atty., Tulsa, for defendants in error.

JACKSON, Justice.

Plaintiff, Gilbert T. Miller, is a police officer of the Police Department of the City of Tulsa, Oklahoma, having been continuously so employed since July 23, 1953. From that date until November 29, 1957, he performed the duties of Laboratory Technician. On the latter date, he received written orders making certain changes in his duties and responsibilities, but not changing his pay. Plaintiff submitted first a verbal, then a written protest to the Chief of Police, and requested clarification of his new duties and responsibilities. On the same date, plaintiff submitted a protest to the Civil Service Commission, requesting a hearing thereon, which hearing was denied by letter from the commission dated February 10, 1958.

Thereafter, on February 24, 1958, while performing his new duties under the written orders of November 29, 1957, plaintiff was informed by his superior that a complaint had been filed against him by a superior officer, and plaintiff was requested to submit a written statement of the circumstances, which plaintiff did. On February 24, 1958, plaintiff was informed by

the Administrative Chief of Police that a hearing was being conducted on the complaint, and plaintiff received orders from the Acting Chief of Police suspending plaintiff for five working days without pay, effective February 27, 1958.

Plaintiff complied with the suspension order, and upon returning to his duties on March 6, 1958, discussed his suspension with the Chief of Police, and requested a review of the suspension, which was denied.

On June 12, 1958, plaintiff commenced this action, seeking in his first cause of action, to cancel his suspension as a taking of plaintiff's property without due process of law, contending that the fifth paragraph of Section 8 of the Civil Service Charter Amendment denying right of appeal from action of department head suspending officer for not to exceed ten days for misconduct is unconstitutional, and that suspensions can be ordered only by the department head, which plaintiff contends is the Commissioner of Fire and Police. The relief prayed for included judgment for $51, the amount of pay withheld during the suspension period. In his second cause of action, plaintiff alleged, in substance, that the order of November 29, 1957, changing his duties from Laboratory Technician to Identification Officer, was in violation of the Civil Service Charter Amendment, Sections 5, 6, 7 and 8, and demanded that the Civil Service Commission be ordered to grant plaintiff a hearing and reclassify and reinstate plaintiff as a Laboratory Technician, and for other relief.

Upon completion of plaintiff's evidence, the trial court sustained defendants' demurrer thereto as to both causes of action, and plaintiff appeals.

█ Plaintiff first contends that the trial court substituted its own definition of "insubordination" for that provided in the Rules and Procedures Manual, Section 527.01, which is, as follows:

> "Insubordination: Refusal to comply with the proper order of an authorized supervisor."

We understand plaintiff's position to be that, inasmuch as there was no evidence and no finding that plaintiff refused "to comply with the proper order of an authorized supervisor", plaintiff's suspension was improper and without authority. We note, however, that Section 527 of the manual provides:

> "An appointing authority may dismiss or suspend without pay an employee *for any just and reasonable cause."* (Emphasis added.)

"Insubordination" is then listed as one of eleven examples of just causes for disciplinary action.

The fifth paragraph of Section 8, Civil Service Charter Amendment, City of Tulsa, provides:

> "A department head may, for misconduct, suspend an employee without pay for a period not to exceed ten (10) days for any one offense, and not to exceed twenty (20) days in any calendar year. The department head shall give written notice of such suspension to the personnel director. *There shall be no appeal from such action by a department head."* (Emphasis added.)

Unless the foregoing provision is unconstitutional, as a taking of property without due process of law, the action of the appointing authority or department head in suspending plaintiff for five days for misconduct is final and unreviewable.

Defendants assert that the authority granted to department heads to suspend employees for short periods of time for minor infractions is necessary for the efficient functioning of the various city departments. Without such authority, it is argued, courts of law would be called upon to determine the propriety of disciplinary action for every minor infraction of rules.

In 62 C.J.S. Municipal Corporations § 582 b., it is said:

> "The proceedings for the suspension of a policeman usually are regulated by constitutional, statutory, or charter

provisions, and the prescribed mode must be followed. * * *.

"* * * A policeman may be suspended without a hearing where such procedure is authorized by statute, as in the case of suspensions for short periods of time for minor infractions. * * *.

"An order suspending a policeman made without a hearing is made in the exercise of administrative power and is not a judgment."

In State ex rel. Curtis et al. v. Steinkellner et al., 247 Wis. 1, 18 N.W.2d 355, 357, several firemen were suspended for a period of 15 days without a hearing, under statutory provisions of the City of Milwaukee authorizing such suspensions not exceeding thirety days. The court said:

"* * * we conclude that it was within the power of the chief of the fire department to suspend for a period of less than thirty days without giving a trial satisfying the requirements of due process. * * *. The power of the chief to apply summarily temporary and minor disciplinary measures in case of minor offenses is obviously necessary to the discipline of the department and does not affect a property right of the member so disciplined * * *."

In Gray v. City of McKeesport, 133 Pa. Super. 24, 1 A.2d 834, the Superior Court of the State of Pennsylvania approved a statutory provision authorizing suspension of a police officer for a period of not more than 10 days without hearing and without charges being filed.

We are persuaded to the reasonableness and necessity of administrative rules authorizing suspensions for short periods without notice or hearing, for minor infractions of rules and regulations, and decline to hold that the suspension of plaintiff in the instant case violated plaintiff's constitutional rights.

Plaintiff next contends that under provisions of the fifth paragraph of Section 8, supra, suspensions are authorized to be made only by department heads.

The record shows that the suspension was ordered by the Administrative Chief and Acting Chief of Police. We are of the opinion that there was a substantial compliance with the Charter provisions.

Plaintiff's final contention is that the change in his duties and responsibilities ordered on November 29, 1957, constituted a demotion, thus entitling him to a hearing before the Civil Service Commission, under provisions of Section 8, Civil Service Charter Amendment.

The record indicates that plaintiff, before and after the order of November 29, 1957, was an "officer first class". Although he was assigned certain additional duties by the order of November 29, 1957, and his designation changed from that of Laboratory Technician to that of Identification Officer, we are unable to agree that he was demoted or removed from his former position. His rate of pay was not changed. His duties were substantially the same as before.

In City of Tulsa v. Johnson et al., 193 Okl. 501, 145 P.2d 198, 201, we said:

"No inhibition exists in the charter preventing a transfer of policemen from one assignment to the other as the welfare of the department may require. The different assignments within the police department cannot be accurately compared with independent departments or officers of the city government such as the city treasurer or the city auditor. * * *

"The protection afforded by the city charter is to policemen generally. All the other members were entitled to the same protection as the plaintiff. Nothing in the charter prevented the transfer herein made. The board of commissioners was compelled to exercise its discretion as to who would be retained and in doing so could and did make a re-assignment as to duties among those retained."

In Tremp v. Patten, 132 Conn. 120, 42 A.2d 834, 835, it was held that the transfer of Sergeant Tremp from the detective bureau to regular police work, at no change in pay, did not entitle him to a hearing, under a charter provision that officers of the department should continue "to hold their respective positions in the City Department" until removed for cause. The court quoted from McManus v. Newark, 49 N.J.L. 175, 6 A. 882, as follows:

"As these prosecutors have not been removed, suspended, expelled, or discharged from the police force by the commissioners, they are not within the terms of either of these statutes. The regulation of the force by assignment of its members to particular duties, according to the requirements of the service and the special fitness of the individual members for these duties, must certainly be left to the discretion of the board, if they are to have any control or any liberty to act for the promotion of the efficiency of their department. If every change made by them is to be regarded as a degradation or an elevation, and questions of precedence and preference among the members of the police force are to be settled by hearing on evidence and argument, there can be no proper subordination,— no selection or preference for skill or aptitude for special service. The hinderance and restraint on the commissioners would defeat, rather than promote, the efficiency of the police force, which is the main purpose of the law invoked, and all other laws on the subject. There is no reason in this objection."

We conclude that plaintiff's evidence, construed most favorably to plaintiff, was insufficient to support either of plaintiff's causes of action. Hence, the trial court correctly sustained defendants' demurrer thereto.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.