EUGENE W. WILSON v. CITY OF MINNEAPOLIS
AND ANOTHER.

168 N. W. (2d) 19.

May 9, 1969—No. 41211.

*Helgesen, Peterson, Engberg & Spector* and *Roger A. Peterson,* for appellant.

*Keith M. Stidd,* City Attorney, and *Arvid M. Falk,* Assistant City Attorney, for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court dismissing plaintiff's complaint and dissolving a temporary restraining order.

This action was instituted to restrain Calvin F. Hawkinson, superintendent of police in the city of Minneapolis, from suspending for 14 days Eugene W. Wilson, police department captain, and a person entitled to the benefit of the Veterans Preference Act. The trial court decided that it had no power to enjoin the suspension proceedings and dismissed the complaint. It also dissolved a temporary restraining order issued at the inception of the litigation.

The Home Rule Charter of Minneapolis, c. 19, § 11, provides:

"No officer or employee after six months' continuous employment shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be inves-

tigated by or before said Civil Service Commission or by or before some officer or board appointed by said commission to conduct such investigation. The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer, and shall be forthwith enforced by such officer. Nothing in this chapter shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding ninety days, for purposes of discipline."

Rule 10.01 of the Minneapolis Civil Service Commission, then in force, provides:

"Any employee in the classified service may be suspended for disciplinary purposes for a reasonable period, but such suspension shall not be for a period in excess of ninety (90) calendar days nor except for some offense committed by the employee so suspended. Any employee so suspended is not entitled to a hearing."

The relevant provisions of the Veterans Preference Act, Minn. St. 197.46, read:

"* * * No person holding a position by appointment or employment in the state of Minnesota or in the several counties, cities, towns, villages, school districts and all other political subdivisions or agencies thereof, who is an honorably discharged veteran, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing. In all governmental subdivisions having an established civil service board or commission, or merit system authority, such hearing for removal or discharge shall be held before such civil service board or commission or merit system authority."

On October 13, 1966, Superintendent Hawkinson issued an order reading in part as follows:

"A disciplinary matter is defined as an action whereby the officer can be discharged, suspended, or an official reprimand put in his personnel folder.

"In order to have an established and orderly procedure in disciplinary

matter, the Superintendent of Police has the responsibility of conducting a thorough and complete investigation of the matter of complaint.

"When the point in the investigation is reached where the officer is in the Chief's or Inspector's Office to be interviewed concerning the matter, the officer shall be informed by the Chief or Inspector that he has the privilege of designating one member of the Executive Board of the Minneapolis Police Federation to be present during the proceedings, as an observer. The Superintendent or Inspector shall contact and have present the designated observer during any interviewing of the officer. After being interviewed the officer shall have up to two working days, excluding weekends, to bring any evidence, witnesses, or witnesses' statements in on his behalf prior to any formal and final disciplinary hearing. The Superintendent or any Inspector shall have the right to be present when the above statement or statements are taken.

"The Officer shall have the right to be faced by his accuser when possible.

"After the officer interview or pre-hearing, the formal hearing notice will be served on the officer orally or in writing, and the formal hearing will be held at least twenty-four hours later."

Upon appeal it is contended that the order of the district court was not justified because:

(1) Superintendent Hawkinson was bound to comply with the self-imposed rule concerning procedure to be followed in disciplinary matters within the department, including the holding of a "formal hearing" before imposing a disciplinary suspension upon a subordinate.

(2) The formal hearing to which the superintendent of police committed himself by reason of the order of October 13, 1966, necessarily includes (a) notice reasonably calculated to apprise a party of charges against him and afford him opportunity to prepare a defense to such charges; (b) a right of confrontation, cross-examination, and representation by counsel; (c) preparation of a written record of the proceedings; and (d) determination of the validity of the charges in an impartial manner. Failure to afford a hearing having these characteristics, plaintiff claims, constituted a denial of due process of law.

(3) The order of suspension constituted a removal from employment without a "hearing, upon due notice," and without "stated charges, in writing" contrary to the requirements of the Veterans Preference Act. § 197.46.

We affirm the determination of the trial court because:

(1) So far as the courts are concerned, the power and duty of the superintendent of police of the city of Minneapolis to suspend employees for disciplinary purposes is fixed by the charter of that city and the rule of its Civil Service Commission, unaffected by the superintendent's order announcing the procedures to be employed by him in suspension cases.

(2) An employee of the city of Minneapolis may be suspended for disciplinary purposes without a formal hearing, and such suspension does not offend the due-process-of-law provisions of the State and Federal Constitutions.

(3) A suspension is not a removal within the meaning of the Veterans Preference Act and, this being so, a suspension for disciplinary purposes may be ordered even though a hearing of the type described in § 197.46 is not accorded.

■ The primary duty of a department head under the Minneapolis City Charter and the city's civil service rules is to further the purposes for which his department was created. He is charged with the duty of maintaining discipline on the part of his subordinates—a responsibility of special importance in the field of law enforcement. The superintendent of police is given the authority and the duty to suspend temporarily those subject to his jurisdiction when in his judgment this is necessary for purposes of discipline. He is not authorized or required to make the exercise of this function dependent on a "formal hearing." This being so, his announcement of October 13, 1966, so far as the courts are concerned, can be no more than a statement of his intentions with respect to the procedures to be followed when, in his judgment and discretion, the circumstances, considered in the light of his obligations as superintendent of police, permit the observance of such formalities. It is a rule firmly established and uniformly enforced by the courts that in the dischage of their duties municipal officers cannot go beyond the law, nor delegate powers involving the exer-

cise of judgment and discretion. 4 McQuillin, Municipal Corporations, § 12.126. The day-to-day management of a department of municipal government—and particularly the police department—is not a proper field for government by injunction. We therefore adhere to the well-established rule that courts should not undertake to review the propriety of purely administrative functions by governmental agencies. This principle has always been applied in Minnesota where suspensions have been involved. We think the doctrine is sound and that the trial judge properly applied it. See, State ex rel. Higgins v. Elsberg, 157 Minn. 177, 195 N. W. 902. Compare Johnson v. Village of Cohasset, 263 Minn. 425, 116 N. W. (2d) 692; and State ex rel. Jenson v. Civil Service Comm. 268 Minn. 536, 130 N. W. (2d) 143, certiorari denied, 380 U. S. 943, 85 S. Ct. 1023, 13 L. ed. (2d) 962.

■ Since we have determined that suspension proceedings in Minneapolis are governed by the charter provisions and the rules of the Civil Service Commission, it follows that plaintiff was not entitled to an order of the district court directing compliance by the superintendent of police with a formal hearing procedure based upon his order of October 13, 1966. See, Berg v. City of Minneapolis, 274 Minn. 277, 143 N. W. (2d) 200; Miller v. City of Tulsa (Okla.) 353 P. (2d) 705; Yantsin v. City of Aberdeen, 54 Wash. (2d) 787, 345 P. (2d) 178; State ex rel. Curtis v. Steinkellner, 247 Wis. 1, 18 N. W. (2d) 355.

Vitarelli v. Seaton, 359 U. S. 535, 79 S. Ct. 968, 3 L. ed. (2d) 1012, does not hold otherwise. In that decision the United States Supreme Court recognized the power of the Secretary of the Interior to direct the discharge of an employee without cause or hearing if the employee was not within the protection of any statute relating to the employment rights of government employees, but held that if he was to be discharged upon security grounds, he was entitled to the formalities embraced in the departmental regulations covering discharges upon such grounds.

The cases cited defining the content of due process as applied to discharge proceedings [1] are not relevant where all that is involved is a disciplinary suspension.

---

[1] See, Greene v. McElroy, 360 U. S. 474, 79 S. Ct. 1400, 3 L. ed. (2d) 1377; State ex rel. Hart v. Common Council, 53 Minn. 238, 245, 55 N. W.

The claim that the Veterans Preference Act applies turns on whether a disciplinary suspension is a removal or discharge within the meaning of that law. We hold that it is not. The cases support this conclusion uniformly. See, Johnson v. Village of Cohasset, *supra*; Mayor of Newton v. Civil Serv. Comm. 333 Mass. 340, 130 N. E. (2d) 690; Weigle v. City and County of San Francisco, 23 Cal. App. (2d) 274, 72 P. (2d) 902; Lotts v. Board of Park Commrs. 13 Cal. App. (2d) 625, 57 P. (2d) 215; State ex rel. Wendling v. Board of Police & Fire Commrs. 159 Wis. 295, 150 N. W. 493.

Affirmed.

118, 120; Johnson v. Village of Cohasset, 263 Minn. 425, 116 N. W. (2d) 692; Amos Treat & Co. v. Securities and Exch. Comm. 113 App. D. C. 100, 306 F. (2d) 260; United States v. Rasmussen (D. Mont.) 222 F. Supp. 430.