[Civ. No. 35027. Second Dist., Div. Five. Dec. 16, 1970.]

L. S. PATTON, Plaintiff and Appellant, v.
BOARD OF HARBOR COMMISSIONERS OF
THE CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Phill Silver for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Edward C. Farrell, Assistant City Attorney, and Maynard W. Asper, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**REPPY, J.**—Plaintiff-appellant L. S. Patton (plaintiff) brought this action for declaratory relief against the Board of Harbor Commissioners of the City of Los Angeles (Board), Bernard F. Caughlin (Caughlin), in his official capacity as General Manager of the Harbor Department of the City of Los Angeles (General Manager and Department), and the City of Los Angeles (City). His first amended complaint for declaratory relief[1] alleged, among other things, that since February 9, 1962, he has been a port pilot in the employ of the City working under the supervision of the Board and General Manager; that his position is subject to the civil service provisions of the Charter of the City of Los Angeles (Charter); that he was suspended for a period of five days; that the notice of suspension stated that he was guilty of a serious act of insubordination in that he delayed the imposition of important tariff changes without consulting management which resulted in a substantial loss of revenue to the Department; that the statements in the notice were untrue; that the accusation that plaintiff had been guilty of a serious act of insubordination was made arbitrarily and capriciously; and that his suspension adversely affected his opportunity for advancement in the Department.

Plaintiff prayed for a declaration that (1) Caughlin acted capriciously and arbitrarily in charging plaintiff with an act of insubordination; (2) the General Manager of the Board does not have the lawful authority to suspend an employee of the Department without the prior consent of the Board;

---

[1]The propriety of plaintiff's bringing an action for declaratory relief rather than one in mandamus is questionable. However, we need not decide in what manner plaintiff should have brought his action since the parties have not made an issue of it and since we hold that he has stated no cause of action under any theory.

(3) if section 80(a)(2) of the Charter does grant the General Manager the power to suspend an employee without the Board's prior consent, it constitutes an unconstitutional delegation of power; (4) that section 112(c) of the Charter, which states that the provisions of subsection (a) of section 112 (giving right to a hearing before the civil service board) shall not apply to any suspension of five working days or less in any 12-month period for personal delinquency, deprives public employees of substantial rights in public employment without providing for a review in violation of procedural due process of law as guaranteed by article I, section 13 of the California Constitution, and by the Fourteenth Amendment of the United States Constitution; and (5) that his suspension was unlawful. He also prayed for a judgment that his suspension be expunged from the records of the City and Harbor Department and that he be awarded the sum of $245.69, his lost salary, with interest.

Defendants Board and Caughlin (but not the City) demurred to the first amended complaint on the ground that it did not state facts sufficient to constitute a cause of action against them. The demurrers were sustained with leave to amend. Plaintiff's counsel represented to the court that he could not amend, and at his request the demurrers were sustained without leave to amend. An order of dismissal then was granted in favor of defendants Caughlin and the Board. This appeal is taken from that order (judgment).

We hold that plaintiff's complaint did not state facts sufficient to constitute a cause of action as against Caughlin and the Board. The most significant issue raised is that of the interpretation and constitutionality of section 112(c) of the Charter. That section reads: "The provisions of subsection (a) hereof shall not apply to any suspension of five working days or less in any twelve-month period for personal delinquency.[2] The reasons stated in writing for any such suspension shall be furnished to the . . . employee and . . . filed with the [Civil Service] board. Any such suspension which results in an employee having a total suspended time . . . in excess of five working days in any twelve-month period shall be subject to all of the provisions of subsection (a) hereof."

Section 112(a) provides that classified civil servants may be removed, or suspended, only for cause and for an investigation by the board of civil service commissioners in the event of a removal or suspension. The investigation must entail notice and hearing. (*Steen* v. *Board of Civil Service Commrs.*, 26 Cal.2d 716 [160 P.2d 816].)

---

[2]Plaintiff has not claimed that the act of insubordination specified in the notice he received should be classified as other than "personal delinquency." Any such claim would have been rejected by us.

In *Steen, supra,* at page 723, the Supreme Court said, "The rule is firmly established that if by statute [a] . . . civil service employee may not be removed . . . except for cause, the clear implication is that there be afforded an opportunity for a full hearing to accomplish his removal; that unless the statute expressly negatives the necessity of a hearing, common fairness and justice compel the inclusion of such a requirement by implication." ■ Plaintiff argues, not unreasonably, that since section 112(c) covers suspensions for "personal delinquency" and requires the notification of reasons for the suspension, the suspension must be for "cause" only, and that therefore a hearing requirement must be implied. However, the *Steen* rule is simply a rule of statutory interpretation. In the instant situation, the legislative intent to preclude a hearing is very clear. Section 112(a) contains "for cause" and hearing requirements, and since 112(c) expressly makes 112(a) inapplicable to a suspension of five days or less, we must conclude that 112(c) makes such a suspension for personal delinquency a matter for the unfettered determination of the General Manager and the Board.[3] *Keenan* v. *S.F. Unified School Dist.,* 34 Cal. 2d 708 [214 P.2d 382]; *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47 [162 P.2d 13] and *Carroll* v. *California Horse Racing Bd.,* 16 Cal.2d 164 [105 P.2d 110], cited by plaintiff, can be distinguished on the same ground.

■ The question of the constitutionality of such a provision is a difficult one. It has traditionally been held that no one has a vested right in public employment except insofar as conferred by statute or valid regulation (*Butterworth* v. *Boyd,* 12 Cal.2d 140, 150 [82 P.2d 434, 126 A.L.R. 838]), and that since possession of a public office does not confer a vested property right, removal or suspension will not involve the question of due process. (*Ludolph* v. *Board of Police Commrs.,* 30 Cal.App.2d 211, 216 [86 P.2d 118].) However, in recent years, the importance attached to the distinction between a "right" on the one hand and a "privilege" or "benefit" on the other, in determining that constitutional protections are afforded, has greatly diminished. For example, although employment is a publicly conferred "benefit" as opposed to a "right," the government cannot now arbitrarily deprive the employee of constitutional rights as a condition of employment. The following cases involve First Amendment rights:[4] *Pickering* v. *Board of Education* (1968) 391 U.S. 563 [20 L.Ed.2d 811, 88 S.Ct. 1731]; *Bagley* v. *Washington Township Hospital Dist.* (1966) 65 Cal.2d 499 [55 Cal.Rptr. 401, 421 P.2d 409]; *Fort* v. *Civil Service Commission* (1964) 61 Cal.2d 331 [38 Cal.Rptr. 625, 392 P.2d 385]; *Goldberg* v. *Regents of the University of California* (1967) 248 Cal.App.2d

---

[3]Note also that *Steen* involved a removal, not a short suspension.

[4]The first amended complaint in the instant case raises no First Amendment issue.

867 [57 Cal.Rptr. 463]; *Belshaw* v. *City of Berkeley* (1966) 246 Cal. App.2d 493 [54 Cal.Rptr. 727]; *Board of Trustees* v. *Owens* (1962) 206 Cal.App.2d 147 [23 Cal.Rptr. 710]. "The test is whether conditions annexed to the benefit reasonably tend to further the purposes sought by the conferment of that benefit and whether the utility of imposing the conditions manifestly outweighs any resulting impairment of constitutional rights." (*Goldberg* v. *Regents of the University of California, supra,* at p. 877.)

Protection has also been extended to the right of procedural due process owned by those upon whom the government has conferred certain important benefits. Plaintiff cites numerous cases requiring notice and hearing: *Dixon* v. *Alabama State Board of Education* (5th Cir. 1961) 294 F.2d 150, *R. R.* v. *Board of Education of Shore Reg. H.S. Dist.* (1970) 109 N.J.Super. 337 [263 A.2d 180], *Perlman* v. *Shasta Joint Jr. College Dist. Bd. of Trustees* (1970) 9 Cal.App.3d 873 [88 Cal.Rptr. 563] and *Goldberg* v. *Regents of the University of California* (1967) *supra,* 248 Cal.App.2d 867. All uphold the right of a student to notice and hearing before he can be expelled or suspended from a public educational institution. See also *Wheeler* v. *Montgomery* (1970) 397 U.S. 280 [25 L.Ed.2d 307, 90 S.Ct. 1026], *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed. 2d 287, 90 S.Ct. 101] and *McCullough* v. *Terzian* (1970) 2 Cal.3d 647 [87 Cal.Rptr. 195, 470 P.2d 4], which involve the rights of welfare recipients to notice and hearing before the termination of welfare benefits.

The above cited cases preclude our basing our holding on an automatic application of the old "right" vs. "privilege" distinction. However, they do not hold that the recipient of *any* governmentally bestowed benefit is entitled to notice and hearing before he can be deprived of it. Against the importance of the benefit and the harm resulting from its deprivation must be weighed the government's interest in pursuing the existing procedures. (See *Dixon* v. *Alabama State Board of Education, supra,* 294 F.2d 150, 155-156.)

Applying these principles to the instant case, the proper deportment of the Department's employees is furthered by the power of the General Manager to summarily apply temporary and minor disciplinary measures without a full blown investigation. The detriment to an employee of no more than 5 days' suspension in a 12-month period, while not negligible, is, in our view, not sufficient to justify a holding that a hearing is the employee's constitutional right whenever his superior feels it necessary to discipline him in this way. The employee is not deprived of salary already earned, but merely of the opportunity to earn for several days.

There appear to be no California cases on this specific point. The question was considered in *Wilson* v. *City of Minneapolis* (1969) 283 Minn. 348 [168 N.W.2d 19], *Joyce* v. *Webber* (1961) 157 Me. 234 [170 A.2d 705], *Miller* v. *City of Tulsa* (Okla. 1960) 353 P.2d 705, *Yantsin* v. *City of Aberdeen* (1959) 54 Wn.2d 787 [345 P.2d 178], and *State* v. *Steinkellner* (1945) 247 Wis. 1 [18 N.W.2d 355]. All these decisions hold that due process does not require notice and hearing for disciplinary suspensions of a few days.

We note that plaintiff alleged that the suspension prejudiced his chance for promotion as well as causing him the wage loss. However, it must be assumed that the Department weighed the disciplinary record for what it was, a minor suspension for a minor delinquency.

Section 112(c) does not leave the employee completely at the whim of the General Manager. The General Manager must follow any instructions of the Board of Harbor Commissioners (§ 80(a)). Also, section 112(c) provides that the General Manager must file a report of the reasons for the suspension with the board of civil service commissioners. Thus, the reports are a matter of public record and a General Manager with a pattern of arbitrary action is subjected to the likelihood of official investigation and correction by his superiors. This procedure also provides a type of review. The reports may be looked over when filed and are available for perusal if the employee objects to the suspension.[5]

Since we hold that plaintiff's interest is not sufficient to require notice and hearing at the administrative level as a constitutional right, it would be anomalous to hold that he may have a judicial review of the fact questions involved in the suspension. Thus, he cannot properly ask for a declaration that Caughlin acted capriciously and arbitrarily in charging him with an act of insubordination.

Judicial review is available to plaintiff for the determination of whether the statutory procedure for suspension was followed. He suggests that it was not followed by claiming that section 80(a) of the Charter requires that the General Manager obtain the instructions of his board before he

---

[5]Section 112(c) is a part of plaintiff's contract of employment. This does not decide the issue before us because unconstitutional conditions cannot be imposed on public employment. Nevertheless, it is relevant to the issue of procedural due process in that plaintiff did have notice of the procedures.

may suspend an employee and that Caughlin did not do this. Section 80(a) provides in part: "Subject to the provisions of this charter, the rules of the department *and the instruction of his board,* said general manager of departments under the control and management of a board of commissioners shall have the power and duty: (1) To administer the affairs of the department as its chief administrative officer; (2) To appoint, discharge, suspend, or transfer the employees of the department . . . and to issue instructions to said employees . . . in the line of their duties, all subject to the Civil Service provisions of this charter; (3) To expend the funds of the department in accordance with the provisions of the budget . . . ; (4) To recommend to the board . . . an annual departmental budget . . . ; (5) To certify all expenditures of the department to the chief accounting employee; (6) To exercise such further powers in the administration of the department as may be conferred upon him by the board of his department." (Italics supplied.)

▮ This section obviously does not require that the General Manager obtain the Board's instructions on each occasion before he acts. The General Manager may not act contrary to any instructions given by the Board, but plaintiff has not alleged that he has done so.

Plaintiff contends that if section 80(a) authorizes the General Manager to suspend without prior approval of the Board, it unconstitutionally delegates the power to suspend. This is not a situation of the Board, without legislative authority, delegating power that has been delegated to it. (See *Webster* v. *Board of Education,* 140 Cal. 331, 332 [73 P. 1070]; *Schecter* v. *County of Los Angeles,* 258 Cal.App.2d 391, 396-397 [65 Cal.Rptr. 739].) The General Manager's power over suspensions is granted to him by the same charter which grants the ultimate power over suspensions to the Board. Defendants do not contest the propriety of the Board itself having power over suspensions. There is nothing objectionable in the legislative grant of the power over short suspensions to the General Manager, subject to the Board's supervision, to enable him to better administer the department.[6]

Since the complaint does not state facts sufficient to constitute a cause

---

[6] See *Wilson* v. *City of Minneapolis, supra,* 168 N.W.2d 19, 23, indicating that disciplinary suspensions are administrative rather than discretionary acts and that prohibitions against delegation would therefore not be applicable.

of action against either Caughlin or the Board,[7] the order of dismissal is affirmed.

Stephens, Acting P. J., and Aiso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1971.

---

[7]The reasons stated in the demurrers as to why the complaint did not state a cause of action are not the reasons on which our holding is based. However, since a general demurrer need not specify particulars in which the complaint fails to state facts constituting a cause of action (*Burke* v. *Maquire*, 154 Cal. 456, 462-463 [98 P. 21]), the fact that certain particulars were stated does not limit us to a consideration of them. The demurrer was sustained on the ground that "the Court does not believe that a controversy is asserted between the demurring defendant on the one hand and plaintiff on the other. Plaintiff can get all of the relief he asks for, if he proves to be entitled thereto, against the City of Los Angeles which is a party and has not demurred." Code of Civil Procedure, section 472d provides that the court must include in its decision a statement of its grounds for sustaining the demurrer. However, it is the validity of the lower court's action in sustaining the demurrer which is reviewable and not the court's statement of reasons for its action. (*Apelian* v. *County of Los Angeles*, 266 Cal.App.2d 550, 554 [72 Cal.Rptr. 265].) A failure to state reasons is reversible error only if there is an affirmative showing of prejudice. (*Pactor Corp.* v. *Manpower Inc.*, 252 Cal.App.2d 1032, 1034 [60 Cal.Rptr. 878]; *Schuetram* v. *Granada Sanitary Dist.*, 229 Cal.App.2d 25, 31 [39 Cal.Rptr. 919].) Plaintiff has not been prejudiced in his appeal in the instant case because arguments have been submitted by both sides to this court, not only on the question of whether plaintiff's cause of action extended to these two defendants, but as to whether plaintiff had a cause of action at all.

In light of our ruling we need not discuss the claim that the Board and Caughlin are necessary parties.

We presume parties remaining in the litigation will pursue courses consistent with this opinion.