[Civ. No. 40705. Second Dist., Div. Four. Oct. 19, 1973.]

DAVID FUCHS, Plaintiff and Appellant, v.
LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al.,
Defendants and Respondents.

**COUNSEL**

Lemaire & Faunce and Edward L. Faunce for Plaintiff and Appellant.

John H. Larson, Acting County Counsel, and Fred W. Clough, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**JEFFERSON, Acting P. J.**—Petitioner David Fuchs sought alternative forms of relief, i.e., either a writ of mandate or certiorari, or a declaratory judgment, relative to the design, grading and conduct of a promotional examination by the defendants, the Los Angeles County Civil Service Commission (hereinafter, the Commission), and the Los Angeles District Attorney. Also named as defendants were persons who qualified, as the result of the promotional examination in question here, for inclusion on a promotional list prepared by the defendants. The trial court denied the petitioner any relief, and he has appealed the judgment.

The factual background of this dispute is as follows: David Fuchs presently occupies the position of deputy district attorney, grade IV, in the Los Angeles District Attorney's office, as he did on August 31, 1970. when the Commission announced that it would hold a promotional examination for the position of head deputy district attorney. Promotional examinations are conducted under the immediate supervision of the Los Angeles County Director of Personnel.

The general format of the examination was that each applicant was required to give information about his educational background and experience. This information was evaluated and scored, and that score (known as "rating from records" score) was then combined with the score each applicant derived from an appraisal of his promotability prepared by the district attorney. Those 15 applicants obtaining the highest combined scores were then allowed to proceed to the final phase of the examination, namely, a competitive oral interview. The promotional list was prepared from the results of the oral competition.

The petitioner applied for the promotion. He submitted his past record, and protested to the director of personnel when he failed to realize as many points on the "rating from records" part of the examination as he believed he was entitled to; the director of personnel raised his score. On December 21, 1970, petitioner, still unsatisfied with his score on the first part of the examination, appealed to the Commission, protesting his score and the design of the examination. He requested a hearing. He also protested the score received from the appraisal of promotability, and was successful in raising that score.

As the result of his protests, petitioner, who was not among the top 15 applicants originally qualifying for the oral interview, received a sufficiently high rating to be included (along with another protesting candidate) in the final oral interview. The oral interview of the petitioner was conducted by three examiners, one of whom was a department of personnel employee who had had previous contact with the petitioner during the course of his protests about the examination. The petitioner did not qualify for the promotional list after his oral examination. He appealed his oral interview score to the Commission on December 28, 1970. The Commission reviewed written materials submitted to it by the petitioner and the director of personnel; it denied petitioner's request for a hearing. Petitioner then filed this superior court action, attempting to cancel the current list of eligible candidates for the position of head deputy district attorney, and to void any appointment to that position made from the list of eligible candidates.

Petitioner contended in the trial court that he was entitled to a hearing before the Commission in order that he might present his objections to the design, grading and conduct of the promotional examination. At the hearing in the trial court he set forth in detail his substantive complaints about the content of the examination, claiming that parts of the examination weighed factors not relevant to a determination of qualifications for head district attorney. He contended further that his oral interview was not conducted fairly. The trial court rejected petitioner's offer of other evidence which

petitioner claimed was newly discovered, but admitted into evidence affidavits from various county personnel relative to the conduct of the petitioner's examination. As indicated previously, the trial court denied petitioner any relief.

■ Petitioner contends on this appeal that he was entitled, under existing law, to a hearing before the Commission, and that the matter should have been remanded to the Commission for that purpose.

The California Constitution (art. XI, § 4) delegates to local governmental bodies the authority to prescribe rules concerning their employment practices. The Los Angeles County Charter created the Commission, giving it the power "to prescribe, amend and enforce rules for the classified service, which shall have the force and effect of law" (art. IX of the charter, § 34). Promotion of public employees is to be made after "competitive examination consisting of evaluation of records of efficiency, character, and seniority and such other objective and subjective tests and measures of fitness as may be necessary. . . ." (Art. IX of the charter, § 34(11).) Promotional examinations are to be impartial, dealing with the duties and requirements of the position to be filled. (Art. IX of the charter, § 36.)

The Commission has promulgated appropriate regulations governing the conduct of competitive promotional examinations, including rule 8.21, which provides for an appeal by an employee who contends that error has occurred in the grading of a promotional examination; the director of personnel is empowered to review such an appeal. Rule 8.23 provides for a further appeal from such review, directly to the Commission.

The Los Angeles County charter and the Commission rules also specifically provide that civil service employees who are reduced in rank, or discharged from employment are entitled to a hearing before the Commission. (Charter, art. IX, § 34(13).)

Civil Service Commission rule 5.01 provides: "Any person entitled to a hearing before the Commission under the Charter or these Rules, or adversely affected by an action or decision of the Director of Personnel, or of the Commission made without notice to and opportunity for such person to be heard, may petition for a hearing before the Commission.

."*At the discretion of the Commission,* in cases other than discharge or reduction of suspension in excess of five days, a decision on the petition may be made after a review of written materials submitted by all parties concerned." (Italics added.)

Rule 5.02 provides: "Such petition [for hearing] shall be in writing, signed by the petitioner, giving his mailing address, the ruling from which he appeals, and in plain language and in detail the facts and the reasons upon which his case is based. In cases of discharge, reduction or suspension, a general denial of the allegations by the petitioner shall be deemed to be an adequate statement of the required facts and reasons. A hearing on the merits may be denied if the petition fails to state specific facts or reasons, or if in the opinion of the Commission the facts and reasons stated, if true, would not entitle the petitioner to any relief; but such denial shall be without prejudice to the filing of an amended petition, . . ."

Petitioner contends that rule 5.02 in effect supersedes rule 5.01, and establishes the sole criteria for granting a hearing in any particular case, i.e., the sufficiency of the petition. We do not so interpret rule 5.02; the discretion given the Commission by rule 5.01 applies to the granting of a hearing to an employee who has a grievance *unless* that grievance involves demotion, suspension beyond five days, or discharge. Rule 5.02 gives the Commission further discretion to weigh the sufficiency of any petition presented to it, *including* those petitions concerning matters for which hearings are prescribed by the charter and the rules.

Petitioner's claim that he is entitled to a hearing as a matter of right cannot be sustained, as there is no express provision in the operational law which requires the Commission to automatically grant a hearing to consider the merits of a promotional dispute.

Petitioner also contends that his right to a hearing is implied by the spirit and intent of the applicable rules and regulations. (*Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260 [246 P.2d 656]; *Andrews* v. *State Board of Registration,* 123 Cal.App.2d 685 [267 P.2d 352].) It has been held, in *Fascination, Inc.* v. *Hoover,* cited *supra,* that where a body exercising quasi judicial functions must make factual or mixed factual and legal determinations which result in action, the law implies that a hearing must be granted to meet due process requirements. The *Fascination* case involved the denial of a license without hearing. The Supreme Court said, *"unless the statute expressly provides to the contrary* a license cannot be revoked without a hearing where the statute contemplates a quasi judicial determination by the administrative agency that there be cause for the revocation; . . ."* (*Fascination,* cited *supra,* p. 271.)

It appears well settled that the *Fascination* rule will not apply in situations where the governing statute explicitly authorizes the agency to decide an

issue without a hearing. (Cal. Administrative Mandamus (Cont.Ed.Bar) § 2.6, p. 14.)

In the instant case, the spirit and the intent of the governing regulations appear to be that hearings concerning matters other than those explicitly described are to be granted at the discretion of the Commission. The regulations are sufficiently precise to preclude an interpretation whereby additional rights of hearings are added by implication.

■ It is argued upon the petitioner's behalf that the Commission's action in considering his complaints by reviewing the written materials submitted, rather than holding a hearing, is an unconstitutional denial of due process prohibited by the Fourteenth Amendment to the United States Constitution.

Petitioner has not been deprived of his present position, nor does he claim an absolute right to promotion. Rather, he claims the right to a hearing on whether he has been given a fair opportunity to obtain a new position by promotion. ■ While the distinction traditionally made between "rights" and "privileges" is no longer regarded as a viable one, there is not presently a requirement that all persons who are potential recipients of a governmentally bestowed benefit, such as a promotion in public employment, are entitled as a matter of course to a hearing, before the benefit may constitutionally be withheld. What is presently required is the application of a weighing process, i.e., "Against the importance of the benefit and the harm resulting from its deprivation must be weighed the government's interest in pursuing the existing procedures. [Citation.]" (*Patton* v. *Board of Harbor Commissioners,* 13 Cal.App.3d 536, 541 [91 Cal.Rptr. 832]; see also *Zobriscky* v. *Los Angeles County,* 28 Cal.App.3d 930 [105 Cal. Rptr. 121].)

■ Both the petitioner and the public have an interest in ensuring that the best selection procedures are used in determining the advancement of public employees to positions of increased responsibility and authority. (*Almassy* v. *L. A. County Civil Service Com.,* 34 Cal.2d 387, 404 [210 P.2d 503].) In addition, petitioner's interest is a personal one. Such interests must be weighed against the practical effects of a ruling which would require the Commission, and the employing unit as well, to prepare for and hold hearings in all cases where an employee in county service is dissatisfied with a promotional examination score. Numerous promotional examinations, affecting many employees, are held every year to determine eligibility for inclusion on promotional lists. We have concluded that the burden which would be placed on the agencies involved would result in a situation

potentially more harmful than any harm resulting from the deprivation of claimed rights of hearing to the petitioner and other employees similarly situated.

The presently established procedures are constitutionally adequate with respect to employee promotions. In the instant case, there was no indication that the Commission or the director of personnel acted arbitrarily or unfairly within the established framework, to deprive the petitioner of his promotional opportunity. He managed, by use of established procedures, to successfully appeal his scores on various parts of the examination. No evidence was presented herein that the presence of any particular Department of Personnel employee at petitioner's oral interview affected the resulting score, or was prejudicial to the petitioner. We find no violation of constitutionally mandated due process here.

Petitioner also contends that the Commission improperly delegated to the director of personnel its charter-given authority to supervise promotional examinations. This contention is without merit, as the Los Angeles County Charter specifically provides for the activities of the director of personnel. (Art. IX, §§ 31, 36.)

Finally, petitioner claims that the trial court improperly allowed the respondents to augment the administrative record before it while denying the petitioner the right to present additional evidence to the court. Such matters were within the discretion of the court, and we have concluded that there was no abuse of discretion. (Cal. Administrative Mandamus (Cont.Ed.Bar) § 13.8, p. 221.)

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied November 7, 1973, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1973.