**Robert W. MYERS, et al., Petitioners, Respondents,**

v.

**CITY OF OAKDALE, Appellant.**

**No. CO–86–1002.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Review Granted March 3, 1987.

Jeffrey W. Jacobs, Minneapolis, for petitioners, respondents.

Thomas C. Kayser, Judith Bevis Langevin, Anne M. Radolinski, Robins, Zelle, Larson & Kaplan, Minneapolis, for appellant.

Heard, considered, and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

The City of Oakdale appeals the trial court's issuance of a writ of mandamus compelling Oakdale to hold a Veterans Preference hearing in accordance with Minn Stat. § 197.46 (1984) to determine whether respondent was removed from his position as a police officer for incompetence or misconduct. We affirm.

### FACTS

Robert Myers, a police officer for the City of Oakdale, served in the United States Air Force from 1958 to 1962 and was honorably discharged. Myers suffered an on-the-job injury on November 21, 1983. Since that time, he has received worker's compensation benefits and has not returned to active duty.

On January 16, 1985, Myers' personal physician, Dr. Jonathan Biebl, stated that Myers was able to return to his regular duties. In June 1985 Dr. Biebl again stated that Myers could return to work, but restricted Myers from repetitive bending, lifting, twisting, or stooping. Biebl determined that Myers had a 7½ percent permanent partial disability.

Oakdale requested that Myers see another physician to verify his ability to return to work. Dr. Alex Webb, for Oakdale, concluded that Myers has a permanent impairment of his lower back, which with reasonable medical certainty will not improve to a significant degree. Webb recommended that Myers be put on "medical retirement." Webb also concurred with Biebl's suggested restrictions but added that Myers should not lift more than 25 pounds.

On March 5, 1986, Oakdale placed Myers on "indefinite medical leave of absence." The letter stated that if at some future time Myers was considered by medical doctors to be able to perform all of the duties and responsibilities of the Oakdale Police Officer job classification, he would be placed on active status.

On March 7, 1986, Myers petitioned the court for a writ of mandamus compelling Oakdale to grant him a veteran's preference hearing. After a hearing, the trial court issued a writ of mandamus requiring Oakdale to hold a veterans preference hearing to determine the "propriety of Myers' removal * * * and in particular, to determine the incompetency, misconduct, and/or medical fitness of Myers for active duty." The trial court found that "[t]he actions of the Respondent effectively removed Mr. Myers from his position of employment,

with possible future reinstatement action only taken on Respondent's unenumerated timetable." The writ of mandumus required Oakdale to award Myers back pay and continue his salary pending the outcome of the hearing.

## ISSUE

Has Myers been removed from his position within the meaning of Minn.Stat. § 197.46 (1984)?

## ANALYSIS

The Minnesota Veteran's Preference Act provides that an honorably discharged veteran holding a position of public employment can be removed from his position only for "incompetency or misconduct" proved after a hearing. Minn.Stat. § 197.46 (1984). Oakdale argues that Myers was not removed from his position, because he may return to work as soon as he can perform fully the duties of a police officer.

Courts have not recognized a veteran's right to a hearing in every termination. A hearing has been denied when a position is eliminated in good faith, *Young v. City of Duluth*, 386 N.W.2d 732, 740 (Minn.1986); when a termination resulted from participation in a strike or lockout, *Garavalia v. City of Stillwater*, 283 Minn. 335, 168 N.W.2d 336 (1969); and in a disciplinary suspension without pay where discharge proceedings were not pending, *Wilson v. City of Minneapolis*, 283 Minn. 348, 168 N.W.2d 19 (1969). However, as a general rule, if the public employer seeks to remove an employee by discharge or demotion, a Veteran's Preference Board hearing is activated. *Matter of Schrader*, 394 N.W.2d 796, 802–03 (Minn.1986) (Simonett, J., concurring specially). Myers' right to a veteran's preference hearing depends on whether Oakdale's actions amount to a discharge.

Although the words "medical leave" imply that Myers may return to his position at some future date, the medical evidence confirms that Myers' medical condition is permanent. Thus, Oakdale's action results in a permanent leave. "Any form of words

which conveys to the servant the idea that his services are no longer required is sufficient to constitute a discharge." *Neid v. Tassie's Bakery, Inc.*, 219 Minn. 272, 274, 17 N.W.2d 357, 358 (1945). Oakdale has effectively discharged Myers from his position as a police officer for the City of Oakdale.

We affirm the trial court's determination that Myers is entitled to a veterans preference hearing pursuant to Minn.Stat. 197.46 (1984). We also agree that Oakdale is required to pay Myers pending the determination of the Veteran's Preference Board. *See Mitlyng v. Wolff*, 342 N.W.2d 120, 123 (Minn.1984).

Oakdale's argument that a writ of mandamus is an inappropriate remedy is without merit. The Veterans Preference Act specifically provides:

> Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong.

Minn.Stat. § 197.46 (1984).

## DECISION

Myers was effectively removed from his position as police officer with the City of Oakdale when placed on a medical leave for a permanent disability.

Myers is entitled to a veteran's preference hearing to determine if he was removed for incompetency or misconduct pursuant to Minn.Stat. § 197.46 (1984).

Affirmed.