Louis R. HARPER, Jr., et al.,
Appellees,

v.

Joseph M. KLOSTER and Stanley C. Leonard, Appellants.

Louis R. HARPER, Jr., et al.,
Appellees,

v.

Giffen B. NICKOL et al., Appellants.

Louis R. HARPER, Jr., et al., Appellants,

v.

MAYOR AND CITY COUNCIL OF BALTIMORE, a municipal corporation, et al., Appellees.

Nos. 73–1853 to 73–1855.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 15, 1973.

Decided Oct. 15, 1973.

H. Thomas Howell, Baltimore, Md. (Norman P. Ramsey, Richard T. Sampson, and Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellants in No. 73–1853.

Kenneth L. Johnson, Baltimore, Md. (Howard, Brown & Williams, Baltimore, Md., Jack Greenberg, William L. Robinson and Jeffrey A. Mintz, New York City, on brief), for appellants in No. 73–1855 and for appellees in Nos. 73–1853 and 73–1854.

Paul D. Bekman, Baltimore, Md. (William H. Engelman and Kaplan, Heyman, Engelman & Belgrad, Baltimore, Md., on brief), for appellants in No. 73–1854.

George L. Russell, Jr., City Sol., Baltimore (Gerald S. Klein, Asst. City Sol., Baltimore, on brief), for appellees in No. 73–1855.

Before WINTER, FIELD and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

Four black employees (Harper, et al.) of the Baltimore City Fire Department brought a class action under 42 U.S.C.A. §§ 1981, 1983 and 1988; 28 U.S.C.A. § 2201; and the thirteenth and fourteenth amendments, against Baltimore City and the members of the Board of Fire Commissioners and the Civil Service Commission, in their representative capacity, to obtain declaratory and injunctive relief against allegedly racially discriminatory practices of the defendants in the appointment and promotion of firemen and various officers of Baltimore City's fire department. Twenty-six white firemen intervened in the case.

Finding pronounced past racial discrimination, lesser current racial discrimination and significant consequences of past and current racial discrimination, the district court granted substantial relief. Harper v. Mayor and City Council of Baltimore, 359 F.Supp. 1187 (D.Md.1972). It declared invalid and enjoined continued use of the type of written entrance examination which was currently in use for initial appointment and for promotion. It also prescribed how acceptable forms of written examinations could be developed. Because it found that a higher percentage of blacks resided in Baltimore City than the surrounding counties, which had become havens for white flight, it required that city residents be given preference in hiring over non-city residents so long as there were a sufficient number of city residents to fill vacancies. It invalidated existing promotional lists, and it restricted the use of existing eligibility lists for initial hiring. It invalidated seniority for promotions to certain levels for years of past service, accumulated during periods that it found that racial discrimination had been rampant; and it required a reduction of the "time in grade" requirements for promotion to various levels. 359 F.Supp. at 1218–1219.

Following the district court's main decision (May 2, 1972), a group of black and white non-residents of Baltimore City (Nickol, et al.), who learned on May 12, 1973, that they had passed the firefighters entrance examinations and would be eligible for appointment as firemen but for the district court's May 2, 1973 decision and the place of their residence, sought to intervene in the proceedings. Leave to intervene was denied by the district court in an oral opinion rendered after a hearing.

Plaintiffs, the intervenors, and the would-be intervenors have appealed. No appellant questions the correctness of the district court's findings of fact, but each raises legal questions.

Plaintiffs contend that the district court should have granted a more drastic remedy to cure past and present racial discrimination and its present discriminating consequences. Specifically, they advocate that the district court fix minimum quotas for black officers of the fire department, the quotas to be achieved by a date certain. With a complete lack of specificity, they contend that the district court "should have completely proscribed all aspects of . . . [the seniority system] that retard promotions" and that "[s]ince time in grade was not shown to be job related, it should not be used against the victims of discrimination who otherwise demonstrate (sic) the ability to successfully perform the job." Finally, they argue that there was error in the district court's failing to retain jurisdiction until racial discrimination and the consequences of past racial discrimination have been fully eradicated.

The intervenors contend that the district court's invalidation of existing eligibility lists for promotion was error—in sum, that the relief granted by the district court was too drastic. Their contention is grounded upon the dual assertions that the promotional lists were prepared without resort to racially discriminatory criteria and the reduction of "time in grade" requirements for promotion should not have been applied,

retroactively (they claim), to invalidate current promotional eligibility lists.

The would-be intervenors contend that they should have been allowed to intervene and to relitigate the case, at least to the extent that it concerned the eligibility of non-residents of Baltimore City for appointment to the fire department.

After the case was argued, Baltimore City filed a motion to dismiss the appeals and to vacate the district court's judgment, on the ground that under City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), the city could not be sued under 42 U.S.C.A. § 1983 by a complaint seeking equitable relief, since it was not a "person" within the meaning of that statute.

We conclude that the appeals are lacking in merit. While we conclude that the motion to dismiss is well taken as to Mayor and City Council of Baltimore, a municipal corporation, the relief decreed by the district court may be fully effective as to the other defendants, and we do not think that Kenosha requires dismissal as to them. Accordingly, except for dismissal of the City of Baltimore as a defendant, we affirm the orders appealed from.

### I.

We reject plaintiffs' argument that the district court should have fixed racial quotas for various categories of employees of the fire department and prescribed a minimum time schedule for those quotas to be met. We agree with the district court's discussion and conclusion in regard to this issue as set forth in 359 F.Supp., pages 1213–1215 of its opinion, and more need not be said. We agree also that this is not a case in which it would be appropriate for the district court to continue jurisdiction. The district court's remedies to eradicate present discrimination and the current consequences of discrimination are complete in and of themselves. Counsel for defendants have assured the court that full access to all relevant data and statistics, short of the questions on

a particular examination before the examination is administered, to determine if defendants are in compliance with the district court's decree, will be available to plaintiffs and other interested parties at all times within regular business hours. As the district court correctly observed, it lacks the authority to operate the Baltimore City fire department, although it does have "the responsibility to see that the procedures for hiring and promoting firemen are within the bounds proscribed by applicable constitutional and statutory provisions." 359 F.Supp. at 1213. We think that the district court did not abuse its discretion when, in accommodating these conflicting interests, it concluded not to retain jurisdiction.

## II.

We think that the voiding of existing eligibility lists for promotion was proper, notwithstanding intervenors' argument to the contrary.

The district court found, and its findings are not only amply supported but unchallenged, that the "time in grade" requirements, seniority and efficiency ratings—all components of promotional lists—had the potential of adverse effect on blacks and that this potential amounted to a denial of equal protection of the laws. 359 F.Supp. at 1211–1212. Under such circumstances, we cannot say that, given the breadth of the district court's discretion to fashion equitable relief, the district court abused its discretion in voiding existing promotional lists forthwith rather than to let them expire by the passage of time so that certain of the intervenors, all of whom are white, could be promoted to higher classifications before there could be corrective alteration of the promotional lists. Intervenors argue strenuously that they are being unfairly denied promotions to which they are entitled, but we rejected this argument in Robinson v. Lorillard Corporation, 444 F.2d 791, 800 (4 Cir. 1971), cert. dis., 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655, where we approved modification of an offensive seniority system, saying "Where some employees now have lower expectations than their coworkers because of the influence of one of these forbidden factors [i e., race, color, religion, sex or national origin], they are entitled to have their expectations raised even if the expectations of others must be lowered in order to achieve the statutorily mandated equality of opportunity."

## III.

We agree with the district court that, for the reasons set forth in its oral opinion, would-be intervenors' application to intervene in the proceedings was not timely. Rule 24(a), F.R.Civ.P. It follows that denial of leave to intervene was proper.

The would-be intervenors wish to litigate further the propriety and validity of the aspect of the district court's decree giving preference to residents of Baltimore City in the initial appointment of firefighters. As the district court stated in denying leave to intervene, "they may seek to bring a separate action on the narrow issue involved which would not require a full review and consideration of the testimony in the five week trial." We agree. There had been a five week, well publicized trial and the interests of the would-be intervenors had apparently been adequately represented. Additionally, throughout most of the period of the litigation, as well as the trial itself, Baltimore City had been preliminarily enjoined from filling certain positions in its complement of firefighters. The effect of permitting intervention would have continued that disability for even longer. Manifestly, the public interest in efficient, effective firefighting services requires that would-be intervenors be heard in a separate proceeding.

## IV.

In City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), the Supreme Court flatly held that a municipal corporation was not a

"person" within the meaning of 42 U.S. C.A. § 1983 when equitable relief under that statute was sought. Earlier, it had held in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that a municipal corporation was not a "person" within the meaning of 42 U.S. C.A. § 1983 when damages under that statute were sought. In *Monroe*, nevertheless, the Court held that § 1983 applied to municipal officers and employees when damages were sought. *See also* Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). We see no reason to give *Kenosha* any wider application.

In the instant case, the district court apparently exercised its jurisdiction under § 1983, although it may well have been exercising federal question jurisdiction under the thirteenth and fourteenth amendments or jurisdiction under 28 U.S.C.A. § 2201. If it exercised jurisdiction on a basis other than § 1983, jurisdiction over the City of Baltimore may be sustainable, as proper in the first instance or under a theory of pendent jurisdiction, because *Monroe* does not purport to immunize municipal corporations from suit in such instances. *See, however,* Moor v. County of Alameda, supra. But we need not explore these possibilities, because there have been named as defendants the individuals who constitute the fire board, the body which makes appointments and promotions, and the Civil Service Commission, the body which recruits, tests, prepares and publishes eligibility lists for appointment and promotion. *Monroe* holds that jurisdiction attaches as to them and we do not think that *Kenosha* is to the contrary. The decree of the district court will be just as effective if it applies only to the defendants, excluding Baltimore City, a municipal corporation, as if Baltimore City were also a defendant.

To comply with *Kenosha*, we must direct the district court to dismiss Baltimore City from the proceedings. In all other respects, the district court's orders are affirmed.

Modified and affirmed.