Timothy **CAMPBELL**, Plaintiff-
Appellant,

v.

E. B. **MASUR** et al., Defendants-
Appellees.

No. 72-1837.

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1973.

Rehearing Denied Dec. 17, 1973.

John G. Abbott, Houston, Tex., Michael H. Gottesman, Washington, D. C., Larry Watts, Houston, Tex., for plaintiff-appellant.

James P. Ryan, Corpus Christi, Tex., for defendants-appellees.

---

Before JONES, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

The appellant, Timothy Campbell, brought an action in the District Court for the Southern District of Texas against "E. B. Masur, in his official capacity as former Superintendent of Mathis Independent School District; Antonio Rivera and V. M. Thyssen, in their official capacities as members of the Board of Trustees of Mathis Independent School District; Larry Stapp, Bennie Curtiss, L. C. Hennig, Joe Beard, and Wilson Rackley, in their official capacities as former members of the Board of Trustees of Mathis Independent School District; and Mathis Independent School District, a political subdivision of the State of Texas, and its officers, administrators, and successors in office."

The nature of Campbell's claim and references to the statutes which he asserted gave Federal jurisdiction over his claim are set forth in the first paragraph of his complaint, which reads as follows:

"This action is brought pursuant to the Civil Rights Act of 1871, United States Code Title 42, Section 1983. This Court has original jurisdiction of the action under the provisions of the United States Code Title 28, Section 1343(3) and 1343(4), and under United States Code Title 28, Section 1331, based upon the violation of rights secured by and arising under the Constitution and laws of the United States of America. Relief is also sought pursuant to the Federal Declaratory Judgment Act, United States Code Title 28, Sections 2201 and 2202. The amount in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs."

Campbell had been a teacher in a high school of the Mathis Independent School District. He was discharged by the board of trustees of the school district.

He was subsequently given a hearing before the board at which Campbell and his counsel were present. At the conclusion of this hearing the board reaffirmed its prior decision. This action for damages and for declaratory relief followed with Campbell asserting that his discharge violated his First, Fifth, and Fourteenth Amendment constitutional rights. The district court held that Campbell should recover the amount of his salary to the date of the board meeting at which he was present. He was denied any other relief.

On appeal Campbell states the issue presented to this Court in this language:

"This is an action brought by a public high school teacher under 42 U.S.C. § 1983, alleging that he was dismissed during the term of his contract in violation of the First Amendment and without procedural due process. Following an extensive trial, Judge Owen D. Cox held that the discharge did not violate the First Amendment; that the failure to provide a pretermination hearing violated due process; but that the violation was cured by the provision of a hearing two weeks after the termination. In this appeal, the teacher contends that his discharge violated the First Amendment, and that the post-termination hearing did not cure the due process violation."

 While this appeal was pending before this Court, the Supreme Court rendered its decision in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109, involving municipal corporations. A Texas school district, as is involved in this case, is "in the nature of" a municipality. Harkless v. Sweeny Independent School District, 5th Cir. 1970, 427 F.2d 319. That which was said in the *City of Kenosha* opinion requires a reconsideration of the jurisdictional questions which are present in the case before us. Without giving consideration to the merits of the appeal, we vacate the judgment of the district court

and remand the cause to it for reexamination and further consideration in the light of City of Kenosha v. Bruno, supra.

Vacated and remanded.