Joseph **PUCKETT** et al., **Plaintiffs,**

v.

**MOBILE CITY COMMISSION** et al., **Defendants.**

**Civ. A. No. 7970–73.**

United States District Court,
S. D. Alabama, S. D.

Aug. 14, 1974.

James C. Wood, Mobile, Ala., for plaintiffs.

Mylan R. Engel, Mobile, Ala., for Personnel Board, and others.

John L. Lawler, Mobile, Ala., for Greenough, Mims & Doyle.

---

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

PITTMAN, Chief Judge.

Plaintiffs filed this suit pursuant to 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. § 2201. They seek a judgment declaring a section of a State statute and a section of an ordinance of the City of Mobile unconstitutional, awarding back pay along with general and punitive damages, and granting an attorney's fee. Plaintiffs also seek to maintain this suit as a class action pursuant to Rule 23, F.R.Civ.P. The defendants have not seriously contested the factual issues involved in this lawsuit, but they contend the ordinance in question is valid and constitutional.

The plaintiffs moved for summary judgment in their favor and, after oral argument, the cause was taken under submission with the defendant given leave to file affidavits in opposition to the motion.

Joseph Puckett is a uniformed police officer, employed by the City of Mobile since August 3, 1970. His original rank of patrolman remains unchanged. The Mobile County Law Enforcement Association, Inc., of which Puckett is a member, is a non-profit association organized pursuant to the laws of this State. Of its 326 members, approximately 225 are employed by the police force of the City of Mobile. The defendant Mobile City Commission is the governing body of the City of Mobile, Alabama, and the named individual defendants are the members of that Commission. They are sued in their representative capacities. The ordinance at issue was passed by the Mobile City Commission on August 25, 1953, pursuant to the authority granted by Act No. 370 of the Regular Session of the 1953 Alabama Legislature (Acts of Alabama, Vol. I, page 439), and it may be found in the Minutes of the Board of Commissioners in Minute Book 10, pages 360–61.

The challenged portion of the ordinance is Section 2, which provides:

On or after the adoption and publication of this Ordinance the Chief of Police of the City of Mobile shall have authority to suspend preemptorily any of the personnel or employees of the police department of the City of Mobile, without pay or other compensation and without the right of any hearing or appeal, provided however that no such employee may be suspended by him for a period or periods in the aggregate of more than thirty days in any one calendar year, and such suspension may be effected for insubordination or for any other conduct considered by such chief of police to be contrary to the best interests of such police department. Such suspension shall be effected by delivering to such employee a statement of such suspension and the cause thereof, and a copy of such statement shall be delivered to the personnel director or personnel board of Mobile County, Alabama, but the suspended employee

shall have no right to contest such suspension.

The language of the ordinance is taken almost verbatim from § 2 of Act No. 370, the challenged State statute. The statute, by its terms applies only to cities or towns in counties with a population between 225,000 and 500,000, according to the last federal census.[1]

By order dated May 7, 1974, the court made a determination of the class which plaintiff Puckett may represent. The class was defined as all uniformed police officers of the City of Mobile who have been preemptorily suspended, pursuant to the challenged ordinance, for a period of 30 days or less during the calendar year preceding the filing of this suit.

Plaintiff Puckett contends that, pursuant to the ordinance set out above, he was suspended on two occasions in July 1973 for a period of thirty days. Plaintiff further states he was not afforded any type of hearing prior to suspension, nor was he granted any right of review or appeal. The suspension was without pay and, as a result of his suspension, plaintiff contends he was not considered for promotion or merit pay raises. Plaintiff argues these actions were violative of his rights under the Fourteenth Amendment because they deprived him of liberty and property without due process of law.

Defendants have consistently argued the statute and ordinance are valid and constitutional. Their arguments are based on the necessity of maintaining discipline in the police force and the particular utility which summary suspension has in this regard. The defendants, by the affidavit of Acting Police Chief James A. Botta, point out that the police department has set up its own administrative procedures for suspensions, despite the absence of any such requirement in the ordinance. An officer who is to be disciplined may appeal to the Chief of Police, who may either refer his complaint to the Grievance Committee of the department or take immediate direct action. (See Botta affidavit, Exhibit B). Finally, defendants rely on three decisions of state supreme courts upholding statutes similar to the one in question.

## FINDINGS OF FACT

As noted above, there is no dispute between the parties concerning the essential facts in this case. On July 10, 1973, Puckett was suspended for two days without pay, effective July 17. He was afforded no hearing by the Mobile Police Department prior to suspension and he had no right of review or appeal thereafter. On July 23, 1973, Puckett received a 30 day suspension, which was later reduced to 28 days by the City Commission. (See Puckett affidavit, Exhibit A.) This second suspension was also without pay and without right to a prior hearing or review of the decision. As a result of these suspensions totaling 30 days, plaintiff lost $588.39 salary, plus $40.00 hazardous duty pay. A further effect of the suspension was the denial of any merit raises for a period of six months from the date of last suspension.[2] Finally, Puckett was removed from consideration for promotion "for a given length of time." (See Puckett affidavit, Exhibit C.) The members of the class represented by Puckett and the wages lost by each class

---

1. According to the 1970 federal census, Mobile is the only county in the state with a population within the range defined by the statute. Because the statute by its terms applies only to Mobile County, it is not of statewide application; and since plaintiffs have not sought injunctive relief, a three judge court is not necessary or proper in this litigation. 28 U.S.C. § 2281; Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

2. Previously, any officer receiving a suspension was denied merit raises for six months thereafter. On March 6, 1974, the Personnel Board of Mobile County approved a regulation which denied merit raises only to those officers suspended for more than five days in the preceding six months.

member are set out in Appendix A of this opinion. The court finds that these class members were subjected to the same procedures of suspension as was Puckett, and suffered the same denial of merit raises and consideration for promotion.

The court also finds that the procedures set out in Appendix B of the Botta affidavit are optional. They offer no guarantee to the officers of the Mobile Police Department that a hearing of any sort will take place. The regulations provide that the supervisor recommending suspension shall file a written report with the Division Commander. As soon as possible, the supervisor and officer appear before the Division Commander in an informal meeting. The officer may appeal to the Chief of Police if he so desires. The Chief, under the regulations, has the option of taking summary action or referring the case to the Department's Grievance Committee for its recommendation. The court finds that the statute and ordinance granted the Chief of Police the authority to make summary suspensions without prior hearing and without review. The evidence is undisputed that in the case of plaintiff Puckett *no* hearing or review of any sort was afforded.

## CONCLUSIONS OF LAW

The plaintiffs have made a tripartite prayer for relief. Because of the different legal issues involved, the court will deal separately with each of the three requested remedies. However, before reaching these issues, the court must face a question ignored by the parties: whether this court has jurisdiction to decide this case.

### A. *Jurisdiction*

 Despite the failure of the parties to question the court's jurisdiction, it is the court's obligation to notice any lack of jurisdiction. The Mobile City Commission is a defendant in this case.

Under the holding of the Supreme Court in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), it is clear that the City of Mobile is not a "person" as that term is defined in 42 U.S.C. § 1983. Consequently, the court does not have jurisdiction over the City in a § 1983 case. As the legally constituted governing body of the City of Mobile, the City Commission is not a person for § 1983 purposes. The court, therefore, dismisses the City Commission as a defendant in this suit for lack of jurisdiction. Jennings v. Patterson, 488 F.2d 436 (5th Cir. 1974); Harper v. Kloster, 486 F.2d 1134 (4th Cir. 1973).

 Also named as defendants are the three individuals who make up the City Commission; they are sued in their representative capacities as Commissioners. The court must determine whether these individuals are proper parties defendant in a § 1983 action, or whether the holding of the *City of Kenosha* case exempts them from suit. The Fourth Circuit in a recent decision held that named defendants who comprised the membership of various agencies of the government of the City of Baltimore could be sued in their representative capacities, even though the City and its agencies were not proper parties. Harper v. Kloster, *supra*. Relying on Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), the court in *Harper* held that *City of Kenosha* did not abrogate the § 1983 jurisdiction over individual defendants which was established by *Monroe*. A similar result was reached in a recent decision of the Fifth Circuit, United Farmworkers, etc. v. City of Delray Beach, 493 F.2d 799 (5th Cir. 1974), wherein the court, relying on numerous past decisions, ruled that the named members of the city council were "clearly proper parties under . . . § 1983." *Id.* at 802. The Fifth Circuit refused, as did the Fourth, to extend the City of Kenosha ruling to insulate city

officials from suit under § 1983.[3] See also Sterzing v. Fort Bend Ind. School Dist., 496 F.2d 92 (5th Cir. 1974).

Having reviewed the few opinions[4] that have considered the issue of jurisdiction over individual city officials that have been written since City of Kenosha v. Bruno, the court holds that jurisdiction does exist over the City Commissioners under § 1983.[5] Therefore, the court will consider the merits of this controversy.

### B. The Constitutionality of the Statute and Ordinance

■ It is clear that the state statute under attack here, and the Mobile city ordinance enacted pursuant to it, provide for suspension of police officers without prior hearing and without a right of appeal. Plaintiffs contend this system of summary suspension deprives them of their rights to due process under the Fourteenth Amendment. In defining when due process rights attach to an individual, the Supreme Court said in the leading case of Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L. Ed.2d 548 (1972), that:

> The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. Id. at 569–570, 92 S.Ct. at 2705.

In order to prevail on their claim that the statute and ordinance are unconstitutional, plaintiffs must show their Fourteenth Amendment "liberty" or "property" interests are adversely affected by their suspensions.

Plaintiffs strongly urge that the suspensions deprive them of property interests which are protected by the due process clause. They point out that a suspended officer not only loses his wages for the period of suspension, but also loses the right to merit increases and any consideration for promotion for at least six months. This results in definite and concrete economic loss to the suspended officer. In defining a protected property right, the Court in Roth explained:

> To have a property interest in a benefit, a person clearly must have more than an abstract desire or need for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. Id. at 577, 92 S.Ct. at 2709.

Plaintiffs contend their interests meet the standard set out in Roth. This is not a situation akin to that of the teacher in Roth who argued that a hearing was necessary before the university could refuse to rehire him. No question arises as to the right of these officers to their positions. All the statute and ordinance permit are suspensions up to 30 days, after which the officer resumes his position. Since the officer retains his position, there is no question that he has a legitimate claim of entitlement to the salary which goes with it. His right is not abstract, it is his claim for salary and merit raises accorded to officers who are not on suspension.

The court notes another difference between the Roth situation and that of the suspended officers. In Roth, the plaintiff's contract had expired. In this case, the officers are not terminated, they are punished for alleged misconduct while on duty. To enforce this punishment

---

3. For similar holdings, see Freitag v. Carter, 489 F.2d 1377 (7th Cir. 1973) ; Citizens Committee v. Lindsay, 362 F.Supp. 651 (S. D.N.Y.1973) ; Kelly v. Wis. Interscholastic Ath. Assn., 367 F.Supp. 1388 (E.D.Wis. 1974).

4. Including Haines v. Askew, 368 F.Supp. 369 (M.D.Fla.1973) (3 Judge Ct.) and

Campbell v. Masur, 486 F.2d 554 (5th Cir. 1973).

5. Note also Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), where the Court noted that "substantial federal causes of action" were stated against individual county employees, despite the fact that the county itself was not amenable to suit under § 1983.

the officer is deprived of his pay for a substantial period of time, and loses other benefits if his suspension is longer than five days. Consequently, the issue here is not whether the officer is entitled to his job; the issue is whether the city can punish the officer by depriving him of his pay and other benefits. In these circumstances, the court must agree with the plaintiffs and holds the suspensions deprive the officers of property rights which are protected by the due process clause.

Defendants have not directly challenged the plaintiffs' claim that the benefits withheld are protected property rights. Instead, they have relied upon three state court decisions[6] which have upheld statutes similar to the one in question. These cases were all decided prior to the Supreme Court's decision in the *Roth* case, and upon consideration of the opinions, the court finds them unpersuasive. Those cases did not have the opinion of the Court in Roth to guide them and their holdings are of limited utility in considering the instant case.

■ As a further defense, it is argued that the summary suspensions are necessary to uphold the discipline of the police force and insure its effective operation. Defendants contend that without the power granted to the Chief by the ordinance, the ability of the Department to function will be seriously impaired. The Court in *Roth* notes that in "rare and extraordinary circumstances", it has been held that hearings prior to deprivation of property need not occur. *Roth, supra,* 408 U.S. at 570, n. 7, 92 S.Ct. 2701 (and cases there cited); see also Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), at 379, n. 6 (and cases there cited). This court has considered the situations which the Supreme Court referred to in *Roth,* and we find they are inapposite to the present controversy. The defendants are correct in their con-

tention that the federal courts do not apply a rigid concept of due process; however, this argument is properly addressed to the *form* of hearing required. The *"nature* of the interest at stake" determines whether or not "due process requirements apply in the first place." *Roth, supra,* 408 U.S. at 571, 92 S.Ct. at 2706.

Plaintiffs also contend that the summary suspension procedure deprives them of "liberty" as that term is defined by the Fourteenth Amendment. The suspension has the effect of removing an officer from consideration for promotion or merit raises. Plaintiffs argue that it marks the officer as a troublemaker and has a real effect on his future within the force. Thus, they contend such action of the Chief impugns the officer's good name and reputation. See *Roth, supra,* at 572–575, 92 S.Ct. 2701. In view of its disposition of the property rights aspect of this case, the court neither considers nor expresses an opinion on the plaintiffs' arguments concerning "liberty."

■ In view of the real economic deprivation that results when an officer is suspended, the court concludes summary suspension pursuant to the challenged ordinance deprives officers of a property right. Neither the statute nor the ordinance provide any form of hearing or review, either prior, or subsequent, to a suspension. This contravenes the requirements of the due process clause as defined in *Roth*; consequently, the court finds the statute and the ordinance to be unconstitutional.

### C. Back Pay and Damages

■ Having found the ordinance and statute unconstitutional, the court must determine what relief, if any, is appropriate. Plaintiffs have asked the court to grant them back pay which was withheld during their respective suspensions, as well as any other damages which the court deems just. Although no general

6. Yantsin v. Aberdeen, 54 Wash.2d 787, 345 P.2d 178 (1959); Miller v. City of Tulsa, 353 P.2d 705 (Okl.1960); Wilson v. City of Minneapolis, 283 Minn. 348, 168 N.W.2d 19 (1969).

damages will be granted, back pay should be awarded to the plaintiff class.

Plaintiffs rely primarily on Harkless v. Sweeny Ind. School Dist., 427 F.2d 319 (5th Cir. 1970); cert. denied 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971), wherein it was stated:

> Section 1983 was designed to provide a comprehensive remedy for the deprivation of federal constitutional and statutory rights. The prayer for back pay is not a claim for damages, but it is an integral part of the equitable remedy of injunctive reinstatement. Reinstatement involves a return of the plaintiffs to the positions they held before the alleged unconstitutional [denial of their rights].
> . . . Back pay is merely an element of the equitable remedy of reinstatement. Id. at 324.

The members of the plaintiff class were never actually removed from their positions and reinstatement per se is not a necessary remedy. However, the plaintiffs were denied their pay during the periods of their suspensions and at least this element of the reinstatement remedy is appropriate. This court has found that plaintiffs were denied their constitutional rights of due process, therefore, back pay should be awarded to return them to the positions they would have been in without the unconstitutional actions of the defendants. The Fifth Circuit has recently reaffirmed its position that back pay should be viewed not as punishment to the defendants but as restitution for the plaintiffs. See United States v. Ga. Power Co., 474 F.2d 906 (5th Cir. 1973).

■ The only question about back pay which concerns the court is whether or not the holding in City of Kenosha v. Bruno, supra, prohibits such an award in this case. The court has decided that it does not bar such relief. The City Commission is no longer a party to this lawsuit and only the named individual defendants remain. In the Harkless decision, the Fifth Circuit noted that relief against state and local officials had often been granted, as long as individual persons were defendants. In the recent United Farmworkers case, supra, Part A, the Fifth Circuit granted injunctive relief against city council members in their official capacities, after having dismissed the city as an improper party under § 1983. 493 F.2d at 802. More recently, on June 24, the Circuit considered a case in which plaintiff sued a Texas School District, the members of the board of trustees, and the superintendent, under § 1983, seeking both monetary damages and equitable relief. Sterzing v. Fort Bend Ind. School Dist., 496 F.2d 92 (5th Cir. 1974). The court noted that under Texas law, the school district "is in the nature of a municipality," Id. at 93, n. 2, and therefore, jurisdiction would not lie against the school district in a § 1983 case. Relying on United Farmworkers, the court went on to state: "Of course the appropriate named school officials are 'persons' within § 1983 and there are no jurisdictional problems concerning these named party defendants." Id. at 93, n. 2. In view of these decisions, this court finds that City of Kenosha v. Bruno does not prevent the award of back pay. The court holds that each member of the class is entitled to back pay in the amount specified in Appendix A hereto.

■ Plaintiffs also seek any damages beyond back pay which the court deems appropriate to award. The court notes that the statute and ordinance in question were presumed constitutional; similar statutes have been previously upheld. (See note 6, supra.) Although the court has found the city ordinance is violative of the constitutional rights of the plaintiff class, the city officials involved acted in good faith reliance on the validity of the ordinance. Such reliance was not unjustified and the court finds lacking any intent on the part of the responsible officials to deprive plaintiffs of their rights. Under these circumstances, the court finds that an award of general or punitive damages would be unjustified.

## D. Attorney's Fee

■ Plaintiffs have also asked the court to grant an attorney's fee in this

case. At the request of the court, counsel for both parties have conferred on the question of what would constitute a reasonable attorney's fee in this case. The attorneys for plaintiffs and defendants have reported to the court that an award of $2,250 would be a just and reasonable attorney's fee. The court finds this a reasonable agreement and accepts the figure submitted by counsel.

### E. *Conclusion*

In view of the foregoing findings of fact and conclusions of law, it is hereby Ordered, Adjudged and Decreed that Section 2 of Act No. 370 of the Regular Session of the 1953 Alabama Legislature, and Section 2 of the Mobile City Ordinance, enacted pursuant thereto, and found in Minute Book 10, pages 360–61, are both declared unconstitutional.

It is further Ordered, Adjudged and Decreed that back pay should be awarded to the persons and in the amounts set out in Appendix A; and the defendants are hereby enjoined from refusing payment of these funds.

It is further Ordered, Adjudged and Decreed that an award of an attorney's fee in the amount of $2,250 is proper; and the defendants are hereby enjoined from refusing payment of this fee.

Costs are taxed to the defendants.

APPENDIX A

| SUSPENDED OFFICER | WAGES LOST |
|---|---|
| Joseph Puckett | $ 628.39 |
| Henry J. Booth | 103.93 |
| David L. Buchholz | 98.06 |
| Thomas L. Calhoun | 108.57 |
| Robert J. Duff | 107.10 |
| George H. Goodwin | 110.22 |
| Jesse E. Kersh, Jr. | 40.53 |
| James E. Kilpatrick, Jr. | 54.51 |
| Bobby L. Lenox | 19.40 |
| William C. Lundy | 89.84 |
| Robert E. Martin | 98.07 |
| John H. McCants | 63.50 |
| William H. McGill | 53.90 |
| Milton E. Mills, Jr. | 98.06 |
| Ernest D. Morrison | 244.19 |
| Jimmy L. Owens | 53.90 |
| Walter Pickett | 239.33 |
| Donald G. Purvis | 60.80 |
| Charles Salmon | 75.70 |
| Gary O. Smith | 38.80 |
| Leon Smith | 93.87 |
| Roger W. Thrasher | 56.32 |