**Dardanella T. BELL et al., Plaintiffs,**

**v.**

**The BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA, et al., Defendants.**

Civ. A. No. 78–185–P.

United States District Court, S. D. Alabama, S. D.

May 1, 1978.

W. Troy Massey, Alabama Ed. Assoc., Montgomery, Ala., for plaintiffs.

Robert C. Campbell, III, T. Dwight Reid, Mobile, Ala., for defendants.

## OPINION AND ORDER

PITTMAN, Chief Judge.

This action was filed by the plaintiffs, Dardanella T. Bell and Herbert L. Wilson, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that the acts of the defendants in summarily suspending them from employment without pay as teachers with the Mobile County School System deprived them of liberty and property without due process of the law and violated their right to equal protection under the law. The plaintiffs also seeks a declaratory judgment that the resolution adopted by the Mobile Board of School Commissioners (Board) on March 29, 1978, sanctioning the immediate suspension of any teacher, recommended by the principal for nonrenewal or contract cancellation,

without pay and without a hearing, violates their right to due process under the Fourteenth Amendment. The plaintiffs demand reinstatement with full back pay, rights to tenure and fringe benefits. Additionally, each plaintiff is seeking $10,000 in punitive damages.

Jurisdiction of this court was invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1982.

## FINDINGS OF FACT

The plaintiffs prior to their suspensions were teachers within the Mobile County School System. Dardanella T. Bell was a certified probationary Title I reading teacher at the William Hooper Council Elementary School. Herbert L. Wilson was a certified tenured [1] art teacher at Mobile County High School. Both plaintiffs were suspended without pay and without a hearing pursuant to the March 29, 1978 resolution adopted by the Board. The resolution reads substantially as follows:

"Effective immediately, any time a principal makes a recommendation for the non-renewal or the cancellation of a contract of any teacher, that teacher is to be suspended immediately, without pay, pending due process procedures through the central appeals committee hearing level to the board hearing level. At the end of these due process hearings, should the teacher be found innocent of the charges and a final decision made not to cancel the contract, this teacher will be reinstated and will be provided all back pay which is due."

The plaintiffs contend that their suspensions without pay pursuant to this resolution constitutes a deprivation of liberty and property without due process of the law. The defendants assert that the March 29, 1978 resolution does not represent a change in school policy regarding teacher suspension, but merely removes discretion as to suspension with or without pay.[2]

The defendants assert that the plaintiffs' suspensions were handled as they would have been under the old suspension policy, but for, the elimination of discretion as to authorizing suspensions with pay.

Mrs. Bell was informed by the school principal at the end of the school day on March 30, 1978, of her suspension without pay, effective immediately. Dr. Lemuel Taylor, Assistant Superintendent, requested that Mrs. Bell be instructed not to return to school the following day, March 31. Five days following her suspension Mrs. Bell received by registered mail written notice of her suspension. Accompanying the notice were evaluation forms and a recommendation from the school principal that Mrs. Bell not be approved for tenure.[3] Mrs. Bell's

1. Code of Alabama, § 16–24–2(a) (1975). Eligibility for tenure under Alabama law requires three years consecutive service under contract with the same county or city school system and reemployment with the same for the succeeding school year.
 Code of Alabama, § 16–24–2(a) (1975). Mr. Wilson by virtue of his continued service under contract with the Mobile County School System has acquired tenure under Alabama law.

2. The previous policy as set out in the Mobile County Public School, Teacher Handbook, states that the Assistant Superintendent of Personnel could as circumstances require suspend a professional employee with the approval of the Superintendent.
 "If suspension is requested, it is the responsibility of the supervising administrator to specifically and in detail list the reason(s) for the requested suspension by giving the time and the place of the action perpetrated. . . . *Dependent, upon circumstances, the length of the suspension—with or without pay—shall be decided by the Assistant Superintendent in charge of personnel and approved by the Superintendent.*" Defendants' Exhibit 1 (emphasis added).

3. Code of Alabama, § 16–24–2(c) (1975). At the end of each school year the Superintendent shall submit to the employing board of education a list of teachers recommended for tenure. Tenure is granted by the employing board of education. The granting of tenure status does not however require any affirmative action by the Board. The mere extension of a contract to a teacher for the fourth consecutive year automatically confers tenure on the teacher.
 Affirmative action by the Board is, however, required for a decision of nonrenewal of a probationary teacher's contract. Code of Ala. § 16–24–12 (1975).
 Tenure, therefore, is the ultimate responsibility of the Board.

suspension was based upon her alleged incompetence as a teacher.

Plaintiff Herbert L. Wilson was a certified tenured art teacher at Mobile County High School.[4] Mr. Wilson's suspension was the result of a disciplinary problem with a student on March 28, 1978, and a subsequent alleged act of insubordination on the following day when questioned about the incident by the school principal. On the evening of March 29, 1978, Mr. Wilson received a telephone call from Dr. Lemuel Taylor instructing the plaintiff to report to his office on March 30, 1978, at 8:00 a.m., rather than reporting to school. Dr. Taylor informed the plaintiff the meeting was informal and not to be construed as any type of "hearing."

At the March 30, 1978 meeting Dr. Taylor read to Mr. Wilson a letter from the school principal relating the events of the previous two days which recommended the plaintiff be suspended immediately. Mr. Wilson was informed by Dr. Taylor that he was suspended without pay, effective immediately. Dr. Taylor referred to the March 29, 1978 resolution and stated that Wilson's suspension was not due to any alleged incompetence.

## CONCLUSIONS OF LAW

This decision is limited to the suspension without pay and without a hearing of these plaintiffs by the defendants pursuant to the Board's regulation promulgated March 29, 1978. The alleged incompetency and loss of temper of the teachers are not before the court but only the procedure by which the defendants proceeded in suspending them. The period of time of the suspension before the court is limited to that period of time when the plaintiffs were suspended without pay and without a hearing to the date of the findings and decision by the Central Appeals Committee. The findings of the Central Appeals Committee and the procedure whereby they arrived at those findings are *not before the court* and are not decided in this decree.

4. To summarily suspend without pay a teacher the Board has had under their supervision for

The court makes no finding as to a suspension with pay. The resolution before the court is not severable. For the court to attempt to carve out "without pay" and make the resolution apply only to a suspension with pay would be a rewriting and changing the entire thrust of the resolution as passed.

█ This court in hearing the present controversy is limited to the merits of the plaintiffs' constitutional challenge. Absent a constitutional attack, the federal court is not the appropriate forum to review personnel decisions. The mere assertion of a constitutional challenge does not convert the federal court into a review board. *Bishop v. Wood*, 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684, 693 (1976); *Megill v. Board of Regents*, 541 F.2d 1073, 1077 (5th Cir. 1976).

The plaintiffs herein do not allege they were suspended for constitutionally impermissible reasons such as the exercise of their First Amendment rights. The plaintiffs contend that their suspension pursuant to the March 29 resolution deprived them of liberty and property without due process of the law. In order to establish a constitutional challenge under these allegations the plaintiffs must come within the *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed. 570 (1972) framework.

The Supreme Court in *Roth* outlined those interests to which due process protection applies.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right

three years and granted tenure is particularly preemptive and unjustified.

to a hearing to provide an opportunity for a person to vindicate those claims."

*Roth, supra,* at 408 U.S. 577, 92 S.Ct. 2709.

■ Although the Constitution defines due process, protected interests in property are created and defined by an independent source such as state statutes or rules which entitle a citizen to certain benefits. *Roth, supra.*

■ Plaintiff Wilson, by virtue of his status as a tenured teacher under Alabama law, has a property interest sufficient to invoke the procedural safeguards of due process.

■ Plaintiff Bell, however, was a probationary teacher under Alabama law. It is well settled under Alabama law that a nontenured or probationary teacher does not have a right to be reemployed. *Robinson v. Jefferson County Board of Education,* 485 F.2d 1381 (5th Cir. 1973). Although having no right to reemployment for the 1978–1979 school year, Mrs. Bell did have a right to continued employment pursuant to her contract for the 1977–1978 school year, and therefore has a property interest sufficient to invoke due process protection guaranteed by the Fourteenth Amendment.

■ The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty or property. The plaintiffs have established sufficient deprivation of a protected interest under the Fourteenth Amendment, and once such protected interest is implicated the right to a prior hearing becomes paramount. *Roth, supra,* at 408 U.S. 569, 92 S.Ct. 2701. A fundamental principle of due process is that prior to the state terminating a protected property interest, notice and opportunity to be heard must be provided. *Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90, 96 (1971).

This court recognizes there are situations where due process does not mandate a full evidentiary hearing prior to termination. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Davis v. Vandi-* ver, 494 F.2d 830 (5th Cir. 1974); *Morgan v. Fletcher,* 518 F.2d 236 (5th Cir. 1975).

■ The Supreme Court in *Roth* recognized some rare and extraordinary situations where a hearing prior to termination need not occur. This court finds that the present controversy is not such an emergency situation which justifies postponing due process protection. *Roth, supra,* 408 U.S. 569, n. 7, 92 S.Ct. 2701. This court recognizes that the Board under Alabama law has primary responsibility for the administration and supervision of public schools in Mobile County. *Const. of Alabama,* Art. XIV, § 270 (1901). This statutory responsibility does not justify a denial of due process protection.

■ This is not a situation where despite the absence of a pre-termination evidentiary hearing, due process is satisfied by the presence of adequate procedures which minimize the risk of error in the initial decision to remove the employee. *Arnett v. Kennedy, supra; Davis v. Vandiver, supra; Morgan v. Fletcher, supra.* The March 29 resolution provided for *no* presuspension hearing or notice and had no risk minimizing procedures. This court finds that a hearing conducted after the act of suspension without pay is insufficient to comply with due process. *See Thurston v. Dekle,* 531 F.2d 1264 (5th Cir. 1976)

Suspension without pay results in real economic deprivation which demands the protection of due process. *See Skehan v. Board of Trustees of Bloomsburg State College,* 501 F.2d 31, 38 (3rd Cir. 1974); (vacated and remanded on other grounds), 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975); *Puckett v. Mobile City Commission,* 380 F.Supp. 593 (S.D.Ala.1974). The summary suspension of an employee from the payroll without notice or opportunity to be heard may also hamper that individual's ability to pursue even a post-termination hearing, due to the economic repercussions of suspension without pay.

The American public school system has the basic responsibility for instilling in students an appreciation of the democratic sys-

tem. See 1 Davis, Administrative Law Treatise § 7.13, 463, 473 (1958). There is no place more appropriate for the utilization of fundamentally fair procedures than in our public schools. As stated by the Supreme Court, "[t]he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools." *Shelton v. Tucker*, 364 U.S. 479, 487, 81 S.Ct. 247, 251, 5 L.Ed.2d 231, 236 (1960).

 This court finds that the summary suspensions of the plaintiffs pursuant to the March 29 resolution adopted by the Board deprived them of property without due process under the Fourteenth Amendment and are therefore null and void. The court further finds that the March 29 resolution allowing for the immediate suspension of any teacher, without pay, upon the principal's recommendation is unconstitutional as being violative of the due process clause of the Fourteenth Amendment of the United States Constitution.

In view of the court's disposition of the property rights aspect of this case, the court neither considers nor expresses an opinion on the plaintiffs' arguments concerning an infringement of "liberty."[5]

 The plaintiffs also asserted they were denied equal protection under the law due to the defendants' actions regarding their suspensions. The plaintiffs have not alleged nor demonstrated dissimilar treatment of persons similarly situated and the court finds therefore that no basis exists for an equal protection challenge.

 There is no evidence that the defendants did not act in good faith and in reliance upon the March 29 resolution in suspending the plaintiffs, and the court declines to award the plaintiffs punitive damages. This court has no quarrel with the avowed purpose of the Board's action, to upgrade the educational system of the county, so long as it is done in a nondiscriminatory and constitutional manner.

5. The Central Appeals Committee has met, heard, and rendered a decision on the charges against these plaintiffs, therefore the period of time, i. e., from the date of suspension to the

By a temporary restraining order dated April 4, 1978, the defendants were enjoined from failing to pay the plaintiffs' salaries. They have not suffered any compensatory loss.

It is ORDERED, ADJUDGED, and DECREED that the Board's March 29 resolution, which contravenes the due process clause of the Fourteenth Amendment, is declared unconstitutional, and the suspensions without pay and without a hearing pursuant to that resolution are null and void.

It is further ORDERED that the plaintiffs are entitled to receive all fringe benefits, if any, they were deprived of due to those suspensions.

The attorneys' fees will be determined by a subsequent hearing and order.

All costs are taxed to the defendants.

date of their decision, which is the subject of this litigation has expired. Therefore, the "suspension" issue as distinguished from "without pay" is moot.