Ray T. DULANY, Plaintiff,

v.

BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY; Abe L. Hammons; Dan C. Alexander; R. W. Gilliard; Norman J. Berger; Hirman C. Bosarge; Norman G. Cox; Ruth F. Drago, individually and in their official capacities as members of the Board of School Commissioners of Mobile County, Alabama, Defendants.

Civ. A. No. 80–0468–H.

United States District Court, S. D. Alabama, S. D.

March 26, 1981.

Kenneth L. Thomas, Alabama Ed. Assoc., Montgomery, Ala., for plaintiff.

Robert C. Campbell, III, Mobile, Ala., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAND, District Judge.

A short, non-jury trial was held on March 17, 1981 in this case. The Court heard evidence, viewed the credibility of the witnesses, and received exhibits.

### I. The Facts

The complaint was filed by Ray T. Dulany, a tenured teacher under Alabama law employed by defendant Board of School Commissioners for approximately ten (10) years. He claims that a one-month suspension violated his due process rights under the fourteenth amendment to the Constitution, his rights under the State's Teacher Tenure Law. Ala.Code §§ 16–24–38, and his rights under Ala.Code §§ 16–8–23 and 16–9–23.

Defendant Board of School Commissioners is the general supervisory agency of the public schools of Mobile County, Alabama. It is empowered to perform executive and administrative functions, including developing and executing certain employment practices and policies, and is responsible for the hiring, retention and termination of teachers for the public schools of Mobile County. At all material times herein, the defendant Board of School Commissioners was the plaintiff's employer.

Defendants Dan C. Alexander, Jr., R. W. Gilliard, Norman J. Berger, Hirman C. Bosarge, Norman G. Cox and Ruth F. Drago are and were at the time pertinent to this action members of the School Board and are and were responsible for developing and executing certain employment policies and practices, including the hiring, retention and termination of teachers for the public schools of Mobile County.

Defendant Abe L. Hammons was at all times pertinent to this action Superintendent for the Board of School Commissioners of Mobile County, Alabama. In that position he participated in the development and execution of certain employment policies and practices including the hiring, retention, and termination of teachers for the public schools of Mobile County.

By letter dated November 7, 1979, Dulany was advised by the defendant Hammons that the plaintiff was suspended without pay from his duties at Alba High School for thirty (30) days effective November 1, 1979 through November 30, 1979. Further, the letter also informed the plaintiff that he would be placed on probation for the remainder of the 1979–80 school year.

Pursuant to the action taken by the defendant Hammons, the plaintiff was not paid a monthly installment of $1,308.43 as provided for in his teaching contract for the 1979–80 school year.

The principal of Alba High School, Mr. Frank Wood, gave written and verbal notification to Dulany of the complaint which was filed against him by the parents of a student at Alba High School. Further the principal officially reprimanded the plaintiff for hitting this student with a paddle and using improper language in violation of Board policy.

In accordance with Board policy the principal gave written notification to the Acting Assistant Superintendent of Personnel describing the incident at Alba High School. On October 23, 1979 Mr. Owen of the Division of Personnel met with Dulany and discussed the incident at Alba High School. At this meeting Dulany was informed of the principal's recommendation and the principal's referral of the matter to the office of personnel. Mr. Owen later forwarded a written memorandum to the Deputy Superintendent regarding the incident which was acknowledged by the Deputy Superintendent with a recommendation that the plaintiff appear before a Central Appeals Committee for a hearing regarding his employment status.

The Division of Personnel notified Dulany about the proposed hearing before the Central Appeals Committee. The Central Appeals Committee met, considered all allegations brought against the plaintiff in an evidentiary hearing, and listened to the plaintiff's side of the story. The hearing was conducted according to Board policy.

In accordance with the Board policy the Central Appeals Committee on November 1, 1979 recommended in writing to the Superintendent of the Board of School Commissioners of Mobile County, Alabama that the plaintiff be suspended without pay for thirty (30) days and that he be placed on probation for the remainder of the school term.

The Board acted in accordance with Board policy when the Superintendent reviewed the Central Appeals Committee recommendation, met with the Assistant Superintendent of Personnel, received approval to suspend the plaintiff effective November 1, 1979 through November 30, 1979, and placed him on probation for the remainder of the 1979–80 school year. Dulany failed to exhaust available administrative remedies. An administrative appeal could have afforded Dulany relief more or less commensurate with the claim in this case.

## II. Conclusions of Law

### A. Jurisdiction

The Court has jurisdiction over the section 1983 claim by virtue of 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331. *See* Act of Dec. 1, 1980, Pub.L. No. 96–486 (to be codified at 28 U.S.C. § 1331) (striking out $10,000.00 amount-in-controversy). Pendent jurisdiction over the related state-law claims is appropriate. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

■ The evidence showed that Dulany deliberately chose not to exhaust available administrative remedies. The available remedies could have afforded the plaintiff more or less all that he sought in this suit. However, the defendants never raised the issue of exhaustion of adequate state administrative remedies. Exhaustion of adequate state administrative remedies is nonjurisdictional. Thus the Court will reach the merits of the federal claim. *See Patsy v. Florida International University*, 634 F.2d 900 (5th Cir. 1981) (en banc).

### B. 1983 Claim

■ Due process is required only when state action deprives a person of a property

or liberty right. Property rights are creatures of state law. In this case it is undisputed that Dulany was a tenured teacher. Thus a state-created property right existed, and the Board could not impugn that right by suspending a tenured teacher without pay unless due process was accorded. *Bell v. Board of School Commissioners of Mobile County*, 450 F.Supp. 162, 166 (S.D.Ala.1978); *see Board of Regents v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972); *cf. Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) (no entitlement under state law).

■ Due process means different things in different contexts. At bottom, notice and an opportunity for a hearing are required. The minimum procedural requirements for termination of a teacher—which are at least as stringent, if not more so than where a teacher is suspended without pay— were outlined in *Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970). The *Ferguson* court prescribed the following minimum requirements

> when a teacher who is to be terminated for cause opposed his termination . . .;
>
> (a) he [must] be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist,
>
> (b) he [must] be advised of the names and the nature of the testimony of witnesses against him,
>
> (c) at a reasonable time after such advice he must be accorded a meaningful opportunity to be heard in his own defense,
>
> (d) that hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges.

430 F.2d at 856. *See Downing v. Williams*, 624 F.2d 612 (5th Cir. 1980); *Gosney v. Sonora Independent School District*, 603 F.2d 522, 525 (5th Cir. 1979); *Stapp v. Avoyelles Parish School Board*, 545 F.2d 527, 532–35 (5th Cir. 1977); *Johnson v. San Jacinto Junior College*, 498 F.Supp. 555 (S.D. Tex., 1980); *James v. Board of School Commissioners of Mobile County*, 484 F.Supp. 705, 715 (S.D.Ala.1979) (per Pittman, C. J.).

■ Dulany received notice, both written and oral, of the charges against him. He appeared before the Central Appeals Committee of the Board to explain himself. Dulany was assisted by a seasoned union representative, William Hanebuth, at the hearing. The members of the Central Appeals Committee were experienced in academic matters. In short, Dulany was afforded due process. The notice and the hearing might have been different or they might have been better. (The Court does not suggest either were inadequate.) Nonetheless they satisfied due process. The Court holds that no constitutional violation occurred when Dulany was suspended for one month without pay.

## C. Pendent Claims

■ The pendent state-law claims arise under Ala.Code §§ 16–24–1 to 16–24–38 (Teacher Tenure Law), 16–8–23, and 16–9–23. All of these various statutory provisions regulate the teaching profession in this state. However, nowhere do these statutes expressly afford any teacher a right to institute any judicial action for redress of violations of these statutes. The Court, in its own research, has found no case where the Alabama courts recognized an implied cause of action under these statutes. The plaintiff has not cited any Alabama case which recognized an implied cause of action. Two cases which the plaintiff cites decide—without analysis as to the existence of a private cause of action—private actions which sought injunctive relief and damages under Alabama's Education Code. *See Armstrong v. Board of Education of the City of Birmingham*, 430 F.Supp. 595 (N.D.Ala.1977) (construing Ala.Code § 16–11–9 (formerly Tit. 52, § 158), § 16–12–19 (formerly Tit. 42, § 164), and § 16–11–17 (formerly Tit. 52, § 165)); *Vodantis v. Birmingham Board of Education*, 373 So.2d 320 (Ala.1979) (construing Ala.Code §§ 16–11–17, 16–12–16).

Alabama's Education Code, codified in sixty chapters of the Alabama Code, *see* Ala.Code §§ 16–1–1 through 16–60–22, is an

extensive effort by the Alabama legislature to regulate education in the state. The legislature drew many lines, restricting some duties to certain authorities, limiting powers of other authorities, and creating rights which run to many interest groups. Noticeably absent from the extensive legislative scheme is any private cause of action. It may well be that the only avenue of enforcement open to a person whose rights under the Education Code have been aggrieved by failure to comply with the terms of the Code is an action in state court for mandamus. It is entirely consistent with the legislative scheme that the legislature may have wished to exclude private civil actions for damages, declaratory relief, and injunctive relief. The threat of an action for mandamus, coupled with a court's contempt powers, may have been, in the eyes of the legislature, sufficient to insure that the terms of the Education Code would be followed by those charged with obligations under the Code. Many provisions in federal and state constitutions and in federal and state legislative enactments establish significant rights without expressly affording any remedy to redress violation of those rights. The situation is common in American jurisprudence.

 It appears to be a novel question of law as to whether the state statutes which the plaintiff is suing under afford a private cause of action. The plaintiff has not presented any decisive authority to the Court which shows the existence of a private cause of action. Absent such authority the Court is reluctant to reach the merits of the controversy. The exercise of pendent jurisdiction over state-law claims is discretionary. Pendent jurisdiction is not a right which a plaintiff may insist upon. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir. 1981) (approving dismissal by district court where state-law claims presented novel questions of law). Because these state-law claims present novel questions the Court holds that the better exercise of discretion is to dismiss them without prejudice.

### III. Order

It is hereby ordered that the plaintiff, Ray T. Dulany, recover nothing from the defendants on his section 1983 claim. Judgment on the section 1983 claim is entered in favor of the defendants.

It is hereby ordered that the pendent state-law claims be dismissed without prejudice.

Costs in this action are taxed against the plaintiff. Fed.R.Civ.P. 54(d).

Judgment shall be issued on a separate piece of paper.