836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EARLY LEARNING INC, Dennis A. Laskin, On behalf of
themselves and all others similarly situated,
Plaintiffs-Appellants,
v.
UNITED STATES LEASING CORPORATION, Defendant-Appellee,
Digital Equipment Corporation, Defendant.
 No. 86-1214.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 15, 1987.
Decided Jan. 4, 1988.
 
 Ellis J. Koch on brief for appellants.
 Donald E. Sharpe, C. Lamar Garren, Piper & Marbury on brief for appellee.
 Before HARRISON L. WINTER, Chief Judge, and JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue in this appeal is whether the district court correctly ruled that plaintiffs' suit, brought under its diversity jurisdiction, was barred by limitations. Plaintiffs appeal and we affirm.
 
 
 2
 Plaintiffs sued late in 1985 alleging that a "purchase and lease arrangement" with defendant, made in September of 1980, was in violation of the Maryland Retail Installment Sales Act, Md.Com.Law Code Ann. Secs. 12-601 et seq., so that the plaintiffs were entitled to recover all finance and delinquency charges collected by defendant. The violations alleged were the failure to memoralize the agreement in one instrument, the failure to set forth the price in the form required by the Maryland statute, and the failure to set forth the required notice to the buyer. Plaintiffs do not dispute that ordinarily the applicable Maryland statute of limitations requires that a suit of this nature be brought within three years from the date the cause of action accrues. They contend, however, that their cause of action was upon a "specialty" for which the Maryland statute of limitations prescribes a twelve year period before limitations becomes a bar.
 
 
 3
 The district court concluded, correctly we think, that plaintiffs' alleged cause of action was one on a contract and not one on the statute. Principal reliance was placed on Harper v. Mayor & City Council of Baltimore, 359 F.Supp. 1187, 1195-96 n. 12 (D.Md.), modified on other grounds, Harper v. KLoster, 486 F.2d 1134 (4 Cir.1973); and Roland Electrical Co. v. Black, 163 F.2d 417 (4 Cir.1947), cert. denied, 333 U.S. 854 (1948). It follows that the suit was time-barred. Alternatively the district court concluded that if the suit was brought to recover a statutory penalty, suit was barred by Maryland's one year statute of limitations prescribed in Md.Cts. & Jud.Proc. Code Ann. Sec. 5-107, governing suits to recover "a fine, penalty, or forfeiture ...." We agree also with this analysis.
 
 
 4
 Plaintiffs argument that application of the appropriate statute of limitations must be determined from the date of each payment under the contract, rather than the date of execution of the agreement between the parties, was not advanced in the district court, and we therefore do not consider it.
 
 
 5
 Because we conclude that it will not aid the decisional process, we decline to hear oral argument.
 
 
 6
 AFFIRMED.